UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

       Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC;
NRRM, LLC d/b/a CARSHIELD;
FLEX MARKETING GROUP, LLC;
JOHN DOE SENDER,

       Defendants.

## NOTICE OF REMOVAL

**To:**     **United States District Court for the District of Colorado**

**And to:**     **Plaintiff Joshua Lapin**

PLEASE TAKE NOTICE THAT, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Flex Marketing Group, LLC ("Flex Marketing") hereby removes the above-caption action filed in the District Court of the First Judicial District, in and for Jefferson County, Colorado to the United States District Court, District of Colorado. This removal is based on 28 U.S.C. §§ 1332(a) and 1442(a)(2) and is timely under 28 U.S.C. § 1446.

Written notice of the filing of this Notice of Removal is being filed with the Jefferson County Clerk's Office. The written notice will then be served on Plaintiff together with a copy of this Notice of Removal in compliance with 28 U.S.C. § 1446(d).

In support of this Notice of Removal, Defendant Flex Marketing provides the following information:

**A.      Summary of grounds for removal.**

Plaintiff Joshua Lapin alleges that Defendants are responsible for violations of South Dakota Codified Law 37-24-41 et seq., South Dakota's email-labeling statute. Specifically, Plaintiff asserts that he received 57 allegedly unsolicited commercial emails from Defendants Flex Marketing and John Doe Sender, in which Defendants American Auto Shield, LLC ("American Auto Shield") and NRRM, LLC d/b/a Carshield ("Carshield") allegedly advertised. (Compl. ¶ 1.)

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

1.      Procedural background.

On May 3, 2022, Plaintiff filed a complaint against Flex Marketing, American Auto Shield, and Carshield in the District Court of the First Judicial District, in and for Jefferson County, Colorado. (*See generally* Compl.) The action is entitled *Joshua Lapin v. American Auto Shield, LLC, NRRM, LLC d/b/a Carshield, Flex Marketing Group, LLC, John Doe Sender*. (*Id.*)

Defendants were never served. Instead, Plaintiff emailed Defendant Flex Marketing a copy of the complaint on June 14, 2022, which was the first time that any of the defendants received a copy of the initial pleading setting forth the claim for relief upon which the action is based. A true and correct copy of all process, pleadings, and orders received by Defendants is attached hereto as **Exhibit A**. True and correct copies of Defendant American Auto Shield,

2

LLC's and Defendant NRRM, LLC's consent to removal are attached as **Exhibit B** and **Exhibit C**. No further proceedings have taken place.

Plaintiff asserts a single claim for relief, alleging that Defendants violated South Dakota Codified Law 37-24-41 et seq., South Dakota's email-marketing statute. (Compl. ¶ 1.) Specifically, Plaintiff alleges that Defendants American Auto Shield and Carshield collectively advertised in 57 unsolicited commercial emails. (*Id.*) Plaintiff also claims that Defendant Flex Marketing sent 34 of these unsolicited commercial emails to his email address. (*Id.*)

The Complaint seeks, as the requested relief, $57,000 in statutory liquidated damages against Defendant Carshield, $57,000 in statutory liquidated damages against Defendant American Auto Shield, $34,000 in statutory liquidated damages against Defendant Flex Marketing, and $23,000 in statutory liquidated damages against John Doe Sender—a total of $171,000. (Compl. ¶ 37.) In addition to these damages, the Complaint seeks "the reasonable costs associated with filing and maintaining this action, and for service of process, joint and severally" from each defendant. (*Id.*)

## GROUNDS FOR REMOVAL

**A.     The District Court has jurisdiction over Plaintiff's claims against Defendants under 28 U.S.C. § 1332.**

This Court has original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Both conditions are satisfied here.

1. There is complete diversity of citizenship between the parties.

Removal jurisdiction based on diversity under 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of South Dakota, and Defendants are citizens of Colorado, Missouri, and New York, respectively.

Plaintiff is an individual resident currently residing in South Dakota. (Compl. ¶ 2.)

Defendant American Auto Shield is a Colorado limited liability company with its principal place of business in Lakewood, Colorado. (Compl. ¶ 3.) The members of American Auto Shield are citizens of Colorado, and none of its members are citizens of South Dakota. American Auto Shield is a citizen of Colorado. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Defendant Carshield is a Missouri limited liability company with its principal place of business in St. Peters, Missouri. (*Id.* ¶ 4.) The members of Defendant Carshield are citizens of Missouri, and none of its members are citizens of South Dakota. Carshield is a citizen of Missouri. *Siloam Springs Hotel, LLC*, 781 F.3d at 1234.

Defendant Flex Marketing is a New York limited liability company with its principal place of business in New York, New York. The members of Defendant Flex Marketing are citizens of New York. None of its members are citizens of South Dakota. Flex Marketing is a citizen of New York. *Siloam Springs Hotel, LLC*, 781 F.3d at 1234.

Thus, there is complete diversity between Plaintiff and Defendants.

2. The amount in controversy exceeds $75,000.

Plaintiff seeks statutory damages of at least $171,000.00 from Defendants. (Compl. ¶ 37.) In his prayer for relief, Plaintiff requests statutory liquidated damages under South Dakota

Codified Law 37-24-48 at the rate of $1,000 per allegedly unlawful email from each Defendant. (*Id.*) In particular, the Complaint seeks $57,000 against each Carshield and American Auto Shield for their fifty-seven allegedly unlawful emails. (*Id.*) The Complaint also seeks $34,000 from Flex Marketing for each of its thirty-four allegedly unlawful emails. (*Id.*) And it seeks $23,000 from John Doe Sender for each of its twenty-three allegedly unlawful emails. (*Id.*)

Taken together, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a).

**B.     Flex Marketing has satisfied the procedural requirements for removal.**

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Defendant Flex Marketing received a copy of the Complaint on June 14, 2022. Copies of all "process, pleadings, and order served upon such defendant" regarding the state court action are attached to this Notice of Removal as **Exhibit A**. 28 U.S.C. § 1446(a).

No responsive pleadings have been filed in the state-court action. This notice is filed within thirty days after Flex Marketing's receipt of Plaintiff's state-court complaint and less than one year after commencement of this action. So, removal is timely and proper under 28 U.S.C. § 1446(b). True and correct copies of Defendant American Auto Shield, LLC's and Defendant NRRM, LLC's consent to removal are attached as **Exhibit B** and **Exhibit C.**

Additionally, in compliance with 28 U.S.C. § 1446(d), Defendant Flex Marketing is filing a copy of this Notice of Removal and all supporting exhibits with the Clerk of the District Court of the First Judicial District, in and for Jefferson County, Colorado and providing Plaintiff with written notice of the filing of this Notice of Removal.

5

Lastly, within fourteen days after the filing of this Notice of Removal, Defendant Flex Marketing will file a current docket sheet and each pending motion pursuant to D.C.Colo.LCivR 81.1(b).

Dated:  June 21, 2022.  Respectfully submitted,

*s/ Craig R. May*
Craig R. May
Charles W. Gibson
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   may@wtotrial.com
              gibson@wtotrial.com

Attorneys for Flex Marketing Group, LLC

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on June 21, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served it on Plaintiff at the below address:

- **Joshua Lapin**
  401 E. 8th St., Suite 214 PMB 7452
  Sioux Falls, SD 57103

*s/ Craig R. May*