FEDERAL COURT NO   1:22-cv-01543
STATE COURT NO    2022CV99

PLAINTIFF:
Joshua Lapin

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

DEFENDANTS:
FLEX MARKETING GROUP LLC
AMERICAN AUTO SHIELD LLC
NRRM LLC DBA CARSHIELD John Doe Sender

**{Denver, Colorado]**

## INSTANT MOTION TO REMAND AND FOR DECLARATION THAT THE STATE COURT IS NOT DEPRIVED OF JURISDICTION

I, Joshua Lapin, respectfully move the Court to REMAND this case and ENTER a Declaration as follows:

I have submitted this request for the following reasons:

### 1) AMOUNT IN CONTROVERSY IS $57,000 , NOT  $171,000; IT IS BELOW $75,000

Plaintiff admits his "prayer for relief" could have been phrased differently, but the relief requested is dramatically different than Mr. Gibson's interpretation of the same.  Plaintiff prays for ONE judgment against NRRM LLC and American Auto Shield LLC for $57,000, whereas the total may be collected from either of the two.  He does not seek $57,000 from one AND $57,000 from the other for a total of $114,000.  Further, Plaintiff prays that OF the $57,000 judgment, the two Initiator-defendants (Flex Marketing Group and John DoeSender) will be liable for their portion of that $57,000 judgment, which is $34,000 and $23,000 respectively).

Therefore, Plaintiff does not intend to collect, in total, greater than $57,000 + "the reasonable
costs associated with filing and maintaining this action, and for service of process," which does not exceed $75,000.

To the extent it is necessary for the purposes of removal, Plaintiff conditionally seeks leave to amend to clarify the prayer for relief.

### 2) REMOVAL IS STILL IMPROPER UNDER Mr. Gibson's "$171,000" AMOUNT IN CONTROVERSEY CALC.

Even if the requested relief existed as interpreted by Mr. Gibson, the amount in controversey is still unsatisifed, since multiple claims against multiple defendants cannot be aggregated to satisfy the threshold.  Citizens' Bank of Louisiana v. Cannon

Mr. Gibson, in an apparent misunderstanding, argues that Plaintiff requests the following relief:

NRRM LLC: $57,000
American Auto Shield: $57,000
Flex Marketing Group LLC: $34,000
John Doe Sender: $23,000

Even accepting Mr. Gibson's incorrect interpretation as true, the amount in controversy does not exceed $75,000 against any particular defendant without aggregating sub-$75,000 claims against different defendants together.

Granted, a plaintiff MAY aggregate claims against the same defendant to satisfy the threshold. Everett v. Verizon Wireless, Inc. However, a plaintiff may NOT aggregate claims against multiple defendants to satisfy the threshold:

"The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that
'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct,
the test of jurisdiction is the amount of each claim, and not their aggregate." Citizens' Bank of Louisiana v. Cannon

### 3)  PLAINTIFF'S SERVICE OF PROCESS HAS BEEN MISCHARACTERIZED AND PORTRAYED IN FALSE LIGHT

Flex Marketing Group's non-Colorado counsel, Derek Newman, requested a copy of the state-complaint ahead of service of plaintiff effectuating service of process, long before the summons(es) expired.  After some hesitation, Plaintiff (I) emailed a courtesy copy of the state-complaint to him.

In a peculiar "thank you" for the courtesy, Mr. Gibson writes in his removal the following "true-but-very-misleading" statement:

"Defendants were never served. Instead, Plaintiff emailed Defendant Flex Marketing a copy of the complaint on June 14, 2022, which was the first time that any of the defendants received a copy of the initial pleading setting forth the claim for relief upon which the action is based."

Since the removal was filed, Defendant NRRM LLC was served with the state-court summons, on June 22nd, and service onto the remaining two defendants is still being arranged currently.

Put simply, Plaintiff NEVER intended to serve process by email, ALWAYS intended to serve Defendant's traditionally with a process server, STILL intends to effectuate service onto the two currently-unserved defendants.

### 4)  CONSIDERING POINTS 1 AND 2, THIS COURT SHOULD REMAND AND ENTER DECLARATION THAT THE STATE COURT IS-AND-WAS NOT DEPRIVED OF JURISDICTION.

"The Colorado Rules of Civil Procedure For Courts of Record in Colorado", adopted by the Supreme Court of Colorado,

states the following in regards to baseless removals, and the effect thereof on the jurisdiction of the state courts:

"A state court is not deprived of jurisdiction where a party's notice of removal to a federal court indicates, on its face and as a matter of law, that the party's attempt at removal is without the slightest color of right or merit. McDonald v. Zions First Nat'l Bank, N.A., 2015 COA 29, 348 P.3d 957."

As applied herein, As a matter of law, even accepting Mr. Gibson's misinterpretation as a good-faith error, the threshold for diversity still has not been achieved.  Accordingly, even when construing the Defendant's notice of removal in a light most favorable to them, it still lacks merit and is insufficient to provide the District of Colorado with original jurisdiction over this matter.

For that reason, Plaintiff prays this court make a finding and declare, that the notice of removal was "without the slightest color of right or merit" and therefore that the Colorado District Court is-and-was not deprived of jurisdiction, and further that defendant's timeframe upon which to file their "answers or other first pleadings" to Plaintiff's state-complaint, was never tolled upon removal.

### AFFIDAVIT OF SERVICE

This motion will be served to Defendant's counsel as follows:

Derek Newman by email: dn@newmanlaw.com

Craig May by email: may@wtotrial.com

Charles M. Gibson by email: gibson@wtotrial.com
Charles M. Gibson, Craig May, and Wheeler Trigg O'Donnell LLP by mail to 370 Seventeenth Street, Suite 4500 Denver, CO 80202
Charles M. Gibson by facimilie: (303) 244-1879

Jeffrey H. Kass and LEWIS BRISBOIS BISGAARD & SMITH LLP by mail 1700 Lincoln Street, Suite 4000 Denver, Colorado 80203 [no email address or facsimilie known for Mr. Kass]

DocuSigned by:
*Joshua Lapin*
1DE3D18A0C384C1...

**Signature**

6/22/2022

**Date**