## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543-CMA-SKC

JOSHUA LAPIN,

                Plaintiff,

v.

FLEX MARKETING GROUP, LLC,
AMERICAN AUTO SHIELD LLC,
NRRM LLC d/b/a CARSHIELD,
JOHN DOE SENDER

                Defendants.

---

## DEFENDANT NRRM, LLC d/b/a CARSHIELD'S AND AMERICAN AUTO SHIELD LLC'S OPPOSITION TO MOTION TO REMAND

---

        Defendant NRRM LLC d/b/a CarShield ("NRRM") and American Auto Shield LLC ("AAS") oppose the motion to remand ("Motion") of Plaintiff Joshua Lapin ("Lapin").

## **INTRODUCTION**

        Lapin, who calls himself the "Hebrew Hammer" is a serial plaintiff and is at it again here. In 2022 he has filed at least six lawsuits; an average of a case a month. These lawsuits, primarily against consumer service providers, allege violations of assorted state laws regulating commercial email. In his plaintiff endeavors, Lapin has shown his proclivity to file motions en masse. Earlier this year, in a case in Idaho federal district court, Lapin filed six motions in the action's first 60 days, leading the presiding court to order Lapin, *sua sponte*, to obtain judicial leave before filing further motions.[1]

---

[1] *See* Lapin v. Jones, No. 22-cv-00011-DCN, Order (D. Idaho, Mar. 7, 2022). The Court may take judicial notice of "documents filed in other litigation." *Brito v. Denver Convention Ctr. Hotel Auth.*, 2021 U.S. Dist. LEXIS 172885, *13 n.4 (D. Colo. Sep. 13, 2021).

Despite having much litigation experience, including with procedural rules, Lapin did not comply with Local Rule 7.1 in filing his Motion and on that ground alone the Motion should be denied.

Further, Lapin claims in the Motion that his Complaint was misinterpreted and the "amount in controversy is $57,000." Because Lapin contests the Defendants' allegation of the jurisdictional amount – Defendants assert it to be $171,000 – the Court must assess whether, by a preponderance of evidence, removal is proper. The two pieces of evidence before the Court (the Complaint and an email chain between Lapin and counsel for Defendant Flex Marketing Group) demonstrate removal is proper.

The Complaint, on its face, demands damages, from each Defendant for its part in a supposed unsolicited commercial email scheme, totaling $171,000. And, when counsel, via email offered to stipulate to remand if Lapin would confirm, in the stipulation, what he already told this Court (i.e., that he wants $57,000 plus his costs) *he refused to so stipulate*. That refusal calls into grave doubt the validity of Lapin's direct representations to the Court and his contention that his pleading was misunderstood. This case should stay with this Court.

## **ARGUMENT**

### I.    **Lapin's Failure to Confer Pursuant to Local Rule 7.1 Is Grounds to Dismiss the Motion**

A violation of Local Rule 7.1(a) is an "independent basis" to deny a motion. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, U.S. Dist. LEXIS 112871, *7 (D. Colo. Aug. 14, 2014).

Local Rule 7.1(a) states:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR 7.1(a).

The Motion does not describe the efforts Lapin made to fulfill his 7.1 duty or attach a comparable certificate. This is because Lapin did not undertake any such efforts. Indeed, Lapin admitted he did not consult local rules before filing his motion and, when presented with them, unilaterally decided that "meeting and conferring is impractical" for remand motions. *See* Ex. B (Lapin to Sykes email 07/01/22).[2]

The Motion should be denied on this independent basis and Lapin should not be permitted to hide behind his *pro se* status to avoid the consequences of his inaction.[3]  As a serial plaintiff he should be given no quarter for his non-compliance with the rules, and Lapin himself admits, "it is true that the rules still apply to unrepresented parties."  Ex. B (Lapin to Sykes email 07/01/22).

## II.    The Preponderance of the Evidence Shows the Sum Demanded Exceeds the Amount In Controversy Threshold Of 28 USC § 1332(a)

The Motion seeks remand based on Lapin's interpretation of the amount in controversy. Mot. at 1. 28 USC Section 1332(a) states, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs …."

In removing this case (with the other Defendants' consent), Defendant Flex Marketing Group noted that on the face of the Complaint the amount in controversy exceeds the jurisdictional threshold. Doc. 1 (Notice of Removal) at 3. The Complaint, passim, alleges the Defendants illicitly combined to send Lapin 57 Unsolicited Commercial Emails ("UCEs"). Complaint Paragraph 37 "prays that the court grant relief against Defendants for their roles in the Unsolicited Commercial Email complaint … by entering judgment as follows:"

---

[2] Exhibits A and B are verified by the attached declaration of the undersigned counsel.

[3] The Court may take "judicial notice of plaintiff's other cases …."  *Brito* at *13 n.4. Among the other cases Lapin filed this year are *Lapin v. Gov't Emps. Ins. Co. et al.*, No. C-15-CV-22-001703 (Montgomery Cty., Md.); *Lapin v. Jones*, No. 22-cv-00011-DCN (Dist. Idaho); *Lapin v. NortonLifeLock,* No. CV-22-00759-PHX-MTL (Dist. Az.); and *Lapin v. Everquote,* No. 4:2022cv04058 (Dist. S.D.).

NRRM, LLC dba CarShield:  $1000 statutory liquidated damages, for its role in … ALL the UCE's [is] $57,000 … jointly and severally.

American Auto Shield, LLC:  $1000 statutory liquidated damages, for its role in … ALL the UCE's [is] $57,000 … jointly and severally.

Flex Marketing Group LLC: $1000 statutory liquidated damages, for its role in … the KetoSoup UCE's [is] $34,000 … jointly and severally.

John Doe Sender:  $1000 statutory liquidated damages, for its role in … the Hammer UCE's [is] $23,000 … jointly and severally.

The sum of these damages is $171,000, which easily surpasses the $75,000 amount specified in 28 USC Section 1332(a). *See Sovereign Camp, Woodmen of World, v. O'Neill*, 266 U.S. 292, 297 (1924) (when multiple defendants alleged to be jointly liable, claims against them will be tied for jurisdictional purposes, "making their aggregate amount the value of the matter in controversy"); *Alberty v. W. Sur. Co.*, 249 F.2d 537, 538 (10th Cir. 1957) (when plaintiff has claims against multiple defendants jointly, "and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy.").[4]

Undeterred by his own words, though admitting that his allegations "could have been phrased differently," Lapin contests the amount in controversy, claiming his prayer is for one judgment for $57,000. Motion at 1. Notably, though, Lapin did not support any of his representations by declaration under penalty of perjury.

Because Lapin has contested Defendants' amount in controversy allegation, 28 section 1446(c)(2)(B) must be applied to determine whether removal is proper here. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Section 1446(c)(2)(B) states:

---

[4] Lapin's opposing citation to *Citizens' Bank of Louisiana v. Cannon*, 164 U.S. 319 (1896), is misplaced. There, a bank sought to enjoin sheriffs in separate parishes from collecting separate taxes from the bank due on separate pieces of land. Because the acts to be enjoined were separate, unconnected, and conducted by "distinct defendants," the Court declined to aggregate the subject taxes to reach the jurisdictional amount. *Id.* at 321-22. Here, the conduct involves alleged connected acts.

removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The evidence before this Court is (1) the Complaint, and (2) a series of emails dating from June 30, 2022 to July 8, 2022 between Lapin and counsel for Defendant Flex Marketing Group (Jason Sykes), copying other defense counsel. *See* Exs. A, B.

The Complaint, as discussed above, shows Lapin is seeking from Defendants more than twice the amount required to give this Court jurisdiction. Lapin's $57,000 amount in controversy representation to the Court (Motion at 1), flies in the face of his Complaint.

Lapin's email exchanges with defense counsel further evidence that removal is proper. After reading Lapin's representations to this Court, that he seeks "$57,000+ 'the reasonable costs associated with filing and maintaining this action, and for service of process'" (Motion at 1), Defendants offered to stipulate to remand if Lapin would confirm, through the stipulation, the same statement he made to the Court. *See* Ex. B (Sykes to Lapin email 06/30/22); Ex. A (Sykes to Lapin email 07/01/22, attaching draft stipulation).

In response, Lapin bobbed and weaved through the course of numerous excessively lengthy emails, failing in all of his verbosity to provide a response to defense counsel's repeated question – would Lapin agree to stipulate to remand and to confirm in the stipulation the amount in controversy. *See* Ex. B (Sykes/Lapin email exchanges). Finally, in the ninth email of the email chain, Lapin declined to stipulate, telling counsel to "proceed with your opposition." Ex. B (Lapin to Sykes email 07/08/22). Lapin's refusal to stipulate speaks volumes to the validity of his representations in the Motion when compared to the plain language of the Complaint. The evidence weighs in favor of removal.

## III.   Lapin's Request for Draconian Relief Lacks Merit and Is Unwarranted

Beyond just seeking remand, Lapin asks this Court to declare that the removal was "without the slightest color of right or merit" (quoting *McDonald v. Zions First Nat'l Bank, N.A.*, 2015 COA

29, ¶ 26, 348 P.3d 957, 962), and therefore Defendants' time to respond to the Complaint in state court "was never tolled upon removal."  Motion at 2. This request doesn't get off the ground because the "without color" argument is baseless. In *McDonald*, a state court found the plaintiff had acted wholly improperly by trying to remove his own case to federal court. *Id.* ¶ 29. There simply is no comparison to the properly initiated removal here. If the matter is remanded, Defendants will comply with their obligations to respond to the Complaint pursuant to the rules of the presiding court.

## CONCLUSION

For the reasons above, the Motion should be denied in its entirety and this Court should retain jurisdiction over the litigation.

Dated July 13, 2022.

Respectfully submitted,

s/*Jeffrey Kass*
Jeffrey H. Kass,
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Tel:  303-861-7760
Fax:  303-861-7767
jeffrey.kass@lewisbrisbois.com

*Attorney for Defendant*
*NRRM LLC d/b/a CarShield*

## CERTIFICATE OF SERVICE

I certify that on this on this 13th day of July, 2022, the foregoing DEFENDANT NRRM, LLC d/b/a CARSHIELD'S AND AMERICAN AUTO SHIELD LLC'S OPPOSITION TO MOTION TO REMAND was filed with the Clerk of Court using the CM/ECF system, which action caused automatic electronic notice of the filing to be served on the following:

Joshua Lapin
401 E. 8th St.
STE 214, PMB 7452
Sioux Falls, SD 57103
thehebrewhammerjosh@gmail.com
*Pro Se Plaintiff*

Charles Gibson
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
303-244-1800
Fax: 303-244-1879
gibson@wtotrial.com
*Attorneys for Defendant*
*Flex Marketing*

Derek Alan Newman
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
206-274-2800
ecf@newmanlaw.com
*Attorneys for Defendant*
*Flex Marketing*

Craig Ruvel May
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
303-244-1800
Fax: 303-244-1879
may@wtotrial.com
*Attorneys for Defendant*
*Flex Marketing*

s/*Jeffrey H. Kass*
Jeffrey H. Kass