# EXHIBIT A

| | |
|---|---|
| **From:** | Jason Sykes |
| **To:** | Joshua Lapin |
| **Cc:** | Derek A. Newman; Erika Cueva; Kass, Jeffrey; Wood, Christopher; May, Craig; Gibson, Charles; Drotzmann, Jared |
| **Subject:** | [EXT] RE: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand |
| **Date:** | Friday, July 1, 2022 6:04:18 PM |
| **Attachments:** | Joint Stipulation to Remand.pdf |
| | Proposed Order re Joint Stipulation to Remand.pdf |



Mr. Lapin,

Thank you for the reply. To avoid confusion over what we're asking, I've prepared a draft stipulation and proposed order (attached).

As you see, the stipulation simply restates, as close to verbatim as I could manage, your representation to the Court that the total amount you are seeking to recover in this case does not exceed $57,000 + plus the reasonable costs associated with filing and maintaining this action. And it explains that, on the basis of your representation, we are willing to agree to remand. It further reserves all parties' rights with regard to arguments and challenges after the matter is remanded, which is standard practice. The point of filing this is to save the Court the time and expense of having to decide the motion.

If you agree to the stipulation, please confirm that I have your permission to add your electronic signature (e.g., "/s Joshua Lapin") and we will file it and the proposed order with the Court.

If you do not agree, please advise.

Thank you and have a happy Fourth of July.

Jason

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Friday, July 1, 2022 11:43 AM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>
**Subject:** [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Mr. Sykes,

Nice to meet you as well.

Thank you for drawing my attention to Local Rule 7.1.  I don't pretend to have known of its existence before, and my ignorance is no excuse.  While the court shall grant pro se litigants leniency *Harris v.*

*Mills, 572 F.3d 66, 72 (2d Cir. 2009),* it is true that the rules still apply to unrepresented parties *Warren v. Guelker 29 F.3d 1386 (9th Cir. 1994).* I further affirm my commitment to these rules, and my passion for law.

Upon review of Local Rule 7.1, there are exceptions to the meet and confer requirement:

D.C.COLO.LCivR 7.1(b):

(b) Exceptions to the Duty to Confer:

(1) a motion filed in a case involving an unrepresented prisoner or detainee;
(2) a motion brought under Fed. R. Civ. P. 12;
**(3) a motion brought under Fed. R. Civ. P. 56; or**
(4) a motion brought under D.C.COLO.LAttyR 5(a) and (b).

Considering my motion for default is not predicated on Flex's ""fail[ure] to plead or otherwise defend," per Rule 55, I believe it will be treated as a motion for summary judgment brought under Rule 56, which is exempted from the meet and confer requirement.

As for the motion to remand, such motions must be filed within 30 days of the notice of removal, meeting and conferring is impractical. Further, by not responding to the motion to remand, Flex would incur no prejudice.

As for the related motion for sanctions, it is a time-sensitive matter to avoid imminent harm, it is not yet known if Flex's counsel participated in the spoliation, Flex's counsel failed to respond to pre-litigation discussions on June 3rd and June 9th, and while I did not designate the motion as an [emergency motion](#), I believe it could be treated as one, as further spoliation must be deterred in the interest of justice.

In the event that a meet and confer still should have occured, I apologize but maintain my good faith. I further ask, "Did Flex meet and confer before destroying evidence AFTER it was placed on notice not to do so?" and "Did Flex meet and confer before transferring its domain names into shell LLC's owned by Michael Held?" And "[as I am informed and believe and can perceive] hasn't Flex Marketing  caused NRRM, LLC and American Auto Shield LLC enough damage already by sending these UCE's on their behalf, let alone get caught in the act of modifying data they have been placed on notice to preserve?" With respect to the court's inherent power to impose sanctions, "the [key to unlocking it is a finding of bad faith]" *Peer V Lewis*, 606 F. 3d 1306, 1306. Flex is strongly alleged to have acted in bad faith, whereas Plaintiff is simply doing his non-attorney best to state his claim and prevail on its merits.

While the stipulated remand is *possible,* it is also immaterial if remand occurs due to a stipulation between the parties or from the judge's order. However, I'm taken aback that your filing for sanctions and personal jurisdiction arguments are contingent on my agreeing to a stipulated motion to remand. It's a logical fallacy and leaves me with one eyebrow raised. Does this mean that if we stipulate remand, that you no longer reserve rights to contest personal jurisdiction? I'm not sure how the two are related, and regardless of what happens with remand, I'm confident you'll be moving to dismiss for lack of personal jurisdiction, amongst other dismissal arguments.

Aside from a proposal to stipulate remand, it's not entirely clear what you're asking me to do.  Please elaborate.

-Joshua Lapin

On Thu, Jun 30, 2022 at 7:36 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
> My name is Jason Sykes and I'm one of the attorneys representing Flex Marketing Group, LLC. Nice to meet you.
>
> We've reviewed your motion to remand and motion seeking default judgment for alleged spoliation of evidence. Please note that the Court's local rules require you to meet and confer with us before filing most motions, including the two at issue here. (*See* Local Civil Rule 7.1). I know that you are proceeding pro se but the rules still apply and failure to follow them can be grounds for sanctions. This is particularly true here, where, if you had met and conferred, we may have avoided motions practice altogether.
>
> Specifically, based on your representation to the Court that the total amount in controversy is below the $75,000 statutory threshold for jurisdiction, the Defendants are open to a stipulated remand of this case. Please confirm that you are willing to stipulate that the total amount in controversy in this matter is "$57,000 + the reasonable costs associated with filing and maintaining this action"—i.e., what you specified in your motion. If so, I will prepare a joint stipulation for you to review and, upon approval, we will file with the Court.
>
> Of course, if we can't agree on a stipulation, all Defendants reserve all rights and arguments in opposition to your motions, including your failure to comply with local rules and that they are not subject to personal jurisdiction.
>
> Thanks and best,
> Jason

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

      Plaintiff,

  v.

AMERICAN AUTO SHIELD, LLC;
NRRM, LLC d/b/a CARSHIELD;
FLEX MARKETING GROUP, LLC;
JOHN DOE SENDER,

      Defendants.

---

**PROPOSED ORDER**

---

      Plaintiff Joshua Lapin and Defendants American Auto Shield, LLC, NRRM, LLC, and Flex Marketing Group, LLC have agreed and stipulated as follows:

    1.    Plaintiff expressly represents and warrants that the maximum amount he intends to collect in this matter is $57,000 plus the reasonable costs associated with filing and maintaining this action;

    2.    Plaintiff acknowledges that Defendants are expressly relying on this representation in entering this stipulation;

    3.    Based on Plaintiff's representation, the Parties agree that this matter should be remanded to the District Court of the First Judicial District, in and for Jefferson County, Colorado; and

    4.    The Parties further agree that this stipulation and agreement shall be without prejudice to any party's ability to raise or assert any defense or argument in the underlying

litigation after it is remanded to state court, including (for avoidance of doubt) challenges to jurisdiction and allegations of spoilation, all of which are hereby reserved.

Based on the Parties' stipulation and for good cause appearing, the stipulation is granted. The matter is hereby ordered remanded to the District Court of the First Judicial District, in and for Jefferson County, Colorado. Nothing in this Order shall be construed to prejudice any party's ability to raise or assert any defense or argument in the underlying litigation after it is remanded to state court, including (for avoidance of doubt and not by way of limitation) challenges to jurisdiction and allegations of spoilation, all of which are reserved.

IT IS SO ORDERED.

Dated this _____ day of _____, 2022.

_____

Hon. S. Kato Crews

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

      Plaintiff,

   v.

AMERICAN AUTO SHIELD, LLC;
NRRM, LLC d/b/a CARSHIELD;
FLEX MARKETING GROUP, LLC;
JOHN DOE SENDER,

      Defendants.

---

**JOINT STIPULATION TO REMAND MATTER TO STATE COURT**

---

TO THE HONORABLE COURT, ALL PARTIES AND COUNSEL:

Plaintiff Joshua Lapin and Defendants American Auto Shield, LLC; NRRM, LLC; and

Flex Marketing Group, LLC (together, "Parties") hereby stipulate as follows:

1.    WHEREAS Plaintiff filed this action on or about May 3, 2022 in the District Court

of the First Judicial District, in and for Jefferson County, Colorado;

2.    WHEREAS Defendants were never served;

3.    WHEREAS on June 21, 2022, Defendant Flex Marketing, with the consent of

American Auto Shield LLC, and NRRM, LLC, removed the action to this Court based on

28 U.S.C. §§ 1332(a) and 1442(a)(2) (Dkt. 1);

4.    WHEREAS on June 23, 2022, Plaintiff filed a Motion to Remand the matter to state

court (Dkt. 9) where he made clear that "Plaintiff does not intend to collect, in total, greater

than $57,000 + 'the reasonable costs associated with filing and maintaining this action, and for

service of process,' which does not exceed $75,000" (Dkt. 9 at p. 1);

5.      WHEREAS on June 27, 2022, Plaintiff filed a Motion for Default Judgment as to Flex Marketing Group, or in the alternative, Motion for Sanctions for Spoliation (Dkt. 11);

6.      WHEREAS in light of and with express reliance on Plaintiff's representation in his Motion to Remand as to the total amount in controversy in this case, Defendants do not oppose remand;

7.      The Parties hereby stipulate and agree that:

    1.   Plaintiff expressly represents and warrants that the maximum amount he intends to collect in this matter is $57,000 plus the reasonable costs associated with filing and maintaining this action;

    2.   Plaintiff acknowledges that Defendants are expressly relying on this representation in entering this stipulation;

    3.   Based on Plaintiff's representation, the Parties agree that this matter should be remanded to the District Court of the First Judicial District, in and for Jefferson County, Colorado; and

    4.   The Parties further agree that this stipulation and agreement shall be without prejudice to any party's ability to raise or assert any defense or argument in the underlying litigation after it is remanded to state court, including (for avoidance of doubt and not by way of limitation) challenges to jurisdiction and allegations of spoliation, all of which are reserved.

IT IS SO STIPULATED.

Dated: July 1, 2022                    Respectfully Submitted,


s/ _____
Derek A. Newman
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
Email: dn@newmanlaw.com

Attorneys for Flex Marketing Group, LLC


s/ _____
Jeffrey H. Kass
Lewis Brisbois
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone:    720.292.2026
Facsimile:    720.292.2026
Email:          Jeffrey.Kass@lewisbrisbois.com

Attorneys for American Auto Shield, LLC and
Nrrm, LLC d/b/a Carshield


s/ _____
Joshua Lapin
401 E 8th ST
STE 214 PMB 7452
Sioux Falls SD 57103
Email: thehebrewhammerjosh@gmail.com
Facsimile: (605) 305-3464

Joshua Lapin, Pro Se Plaintiff

# EXHIBIT B

| | |
|---|---|
| **From:** | Joshua Lapin |
| **To:** | Jason Sykes |
| **Cc:** | Derek A. Newman; Erika Cueva; Kass, Jeffrey; Wood, Christopher; May, Craig; Gibson, Charles; Drotzmann, Jared; Derek Linke |
| **Subject:** | [EXT] Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand |
| **Date:** | Friday, July 8, 2022 6:24:05 PM |



It occured to me yesterday that the WHOIS data has been modified AGAIN for some of the domains, and the same has been documented.

I have no idea who is in on it, and who isn't.  I have no idea if I'm talking with counsel or should-be parties right now.

For those reasons, proceed with your opposition, my trust level is at 0.

-Joshua Lapin

On Fri, Jul 8, 2022 at 3:25 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
>
> In light of the upcoming deadline to respond to your motion to remand we need to know whether you will accept the stipulation we prepared and sent last Friday.
>
> If you do not accept by close of business today we will assume you are refusing to stipulate and proceed with our opposition.
>
> Thanks and best,
>
> Jason
>
> ---
>
> **From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
> **Sent:** Wednesday, July 6, 2022 2:03 PM
> **To:** Jason Sykes <Jason@newmanlaw.com>
> **Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
> **Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand
>
> Mr. Sykes et al,

I wanted to send off a quick email that I'm in receipt of your Tuesday July 5th email response.

I will respond soon, but I have been busy doing, amongst other things, scrambling to preserve evidence as your client appears to be actively destroying it.

Please note that if Mr. Newman is capable of choosing which emails of mine he has an interest in responding to, surely it's acceptable for me to take "one or two days"

before responding to yours.  At very least: I *do* respond and I do so consistently, "in the spirit of cooperation."

Put simply, I'm facing a counsel who removed an unremovable case, and a counsel's client who appears to be attempting to shuffle

 relevant domains into other shell companies owned by the same guy and key actor.  As such, have mercy on my time and I'll

have more soon.

Ending on a positive note for now, I'm thrilled with this statement:

"To the contrary, where we can cooperate and find reasonable compromises, the Court expects us to do so and that is all I am attempting to do here.  "

-Joshua Lapin

On Tue, Jul 5, 2022 at 9:06 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
>
> You previously wrote that you have great passion for the law and are committed to

following all applicable court rules. I take you at your word and hope you will apply the same respect to me and my colleagues moving forward. Our relationship is, by definition, adversarial. But it need not be antagonistic. To the contrary, where we can cooperate and find reasonable compromises, the Court expects us to do so and that is all I am attempting to do here.

In that spirit of cooperation, I don't believe it makes sense to get into a back and forth on immaterial matters but I do wish to clear up a few key points so that you can make an informed choice as to whether you want to pursue the stipulation we've offered.

You write: "You've also flourished sanctions against me for alleged violations of Rule 7.1, and as such: the Federal Court should be the one to hear that."

Please understand that my purpose in raising the local rule violation was to bring your attention to the rule so that you could follow it going forward. You've now acknowledged the rule and promised to abide by it, and, again, I take you at your word. Separately, even if we intended to seek sanctions against you for the violation (which we do not) we couldn't do so in the context of an opposition brief. Instead, we would have to prepare and file a separate motion. (*See* LR 7.1(d).) And, while you do not know me, I can assure you that I do not file pointless motions. If I ever intend to seek sanctions against you under Rule 11 you will receive every opportunity to moot the motion before I file it, consistent with the process and procedures laid out by the Federal Rules of Civil Procedure. In short, there is nothing for the Court to "hear" on this issue.

Similarly, to the extent that you think the removal was "allegedly frivolous" you are also required to fully comply with Rule 11's provisions before filing such a motion. I encourage you to review those provisions yourself. You will see that in addition to certain process requirements, you must provide an opportunity for us to cure whatever defect you identify *before* you file the motion. In this case, the practical cure would be agreeing to remand, which is what we propose in the stipulation. So, again, there is nothing for the Court to rule on and it seems unlikely that there ever would be. (Also, while unimportant to the resolution of the matter at hand, please understand that, to my knowledge, Newman Du Wors did not represent any party in the *State of Washington v. National Maintenance Contractors, LLC* case you attach to your email. We are genuinely puzzled as to why you believe we did.)

Finally, your complaint's prayer for relief can be fairly read to suggest that you were seeking $171,000 jointly and severally against all defendants—which easily clears the $75,000 jurisdictional threshold. In fact, it is unclear to us that you can cure that ambiguity via a representation to the Court in a motion to remand. Nonetheless, assuming your representation to the Court that the maximum you are seeking is $57,000 plus reasonable fees and costs is genuine, candid, and sincere, then we are willing to stipulate to remand on that basis. Doing so will return the matter to state court (which is your

preferred venue) and let us move on to the next phase of this case. But if you are unwilling to stipulate, we will oppose your motion to remand on several grounds, including your failure to comply with local rules and the aforementioned ambiguity in the language of the complaint itself.

If you believe it would be helpful to discuss this matter further by phone we can arrange that.

Otherwise, I respectfully request that you agree to the stipulation or identify specific edits that would allow you to agree to it.

Thanks and best,

Jason

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Tuesday, July 5, 2022 11:32 AM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Hi Mr. Sykes

I just ordered service of process on the remaining two defendants (with state summonses).

The judge is still yet to rule on whether the state court was ever deprived of jurisdiction, as I prayed for in the motion for remand.

I feel that the District of Colorado Federal Judge is in the best position to rule on that.  If you disagree, I'm all ears.

The District of Colorado Federal Judge is also in the best position to rule on any/all resulting sanctions for the allegedly frivolous removal to federal court (reference the third-to-last paragraph of this message)

You've also flourished sanctions against me for alleged violations of Rule 7.1, and as such: the Federal Court should be the one to hear that.

While stipulated removal would generally be adequate, it continues to dawn on me that Derek Newman (CC'd here) and Newman Du Wors LLP

appear to have a pattern of frivolous removals to Federal Courts spanning multiple jurisdictions.

Less than one year ago, Newman Du Wors LLP removed MY Florida state-court action to the Southern District of Florida on the basis of a Federal Question...

in the absence of a valid federal question for the purposes of 28 U.S. Code § 1331.  My motion to remand was granted.  Please see attached LapinVApptnessConclusion.pdf

Before us now, we have yet another improper removal on the basis of diversity under 28 U.S. Code § 1332.  While I understand that the amount in controversy was

misunderstood, even per the reasons stated in Defendants' notice of removal, the amount in controversy *STILL would be insufficient* as it does not exceed $75K with any particular defendant.

Setting aside that Newman Du Wors LLP has now improperly removed two of MY cases in recent history, it would appear that Newman Du Wors LLP, and Derek Newman in particular,

[upon information and belief] appears to have a long-standing pattern of improper removals to federal court, in jurisdictions around the country.

Three months before Newman Du Wors LLP's improper removal of my case Lapin V Apptness, Derek Newman and Newman Du Wors LLP improperly removed a

case [unrelated to me] out of Kings County, Washington into the Western District of Washington.  When the state of Washington requested its attorney fees on remand, the judge stated "The Court

finds that such an award is appropriate here because there was no objectively reasonable basis for Defendants to remove this matter."  See attached (stateofwa-13-1.pdf)

These are the events leading up to the instant case, the snap removal, and the pending motion to remand.

Derek Newman is also a brand-new member of the Colorado Federal Bar, which *should* have been something to celebrate (see attached Attorney Status.pdf)

Unfortunately, the apparently-first thing that Mr. Newman did as a member of the Colorado Federal Bar was continue a bad pattern, for which he is already very-much on notice,

and has shamelessly brought the same "garbage-practice" of these improper removals from other jurisdictions into the Colorado Federal Bar.  Serious questions arise if such conduct should go unpunished,

and if the lower state-court can punish Mr. Newman on behalf of Colorado's Federal Bar -- whose rules do not govern the Colorado State Courts.

After filing the motion to remand, I decided not to move for Rule 11 sanctions for a frivolous removal. After you, Mr. Sykes, flourished Local Rule 7.1 sanctions, I reconsidered my position.

While this is not a rule 11 letter, it may become one, and I need time to consider my options.  In the meantime, I leave your proposed order without my signature.

Please don't be in such a hurry to remand...after all, you were the ones to remove it in a "snap."

Nonetheless, I welcome your input on these circumstances and on this matter, because a great defense attorney once told me...

"the one who walks away from the table first loses" -John Du Wors of Newman Du Wors

LLP


-Joshua Lapin




On Tue, Jul 5, 2022 at 11:19 AM Jason Sykes <Jason@newmanlaw.com> wrote:

Mr. Lapin,

Following up on this. Do you have any questions about the stipulation and proposed order? If not, do we have your permission to add your /s and file it?


Many thanks,

Jason

---

**From:** Jason Sykes
**Sent:** Friday, July 1, 2022 5:04 PM
**To:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>
**Subject:** RE: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand


Mr. Lapin,

Thank you for the reply. To avoid confusion over what we're asking, I've prepared a draft stipulation and proposed order (attached).

As you see, the stipulation simply restates, as close to verbatim as I could manage, your representation to the Court that the total amount you are seeking to recover in this case does not exceed $57,000 + plus the reasonable costs associated with filing and maintaining this action. And it explains that, on the basis of your representation, we are willing to agree to remand. It further reserves all parties' rights with regard to arguments and challenges after the matter is remanded, which is standard practice. The point of filing this is to save the Court the time and expense of having to decide the motion.

If you agree to the stipulation, please confirm that I have your permission to add your electronic signature (e.g., "/s Joshua Lapin") and we will file it and the proposed order with the Court.

If you do not agree, please advise.

Thank you and have a happy Fourth of July.

Jason

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Friday, July 1, 2022 11:43 AM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>
**Subject:** [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Mr. Sykes,

Nice to meet you as well.

Thank you for drawing my attention to Local Rule 7.1.  I don't pretend to have known of its existence before, and my ignorance is no excuse.  While the court shall grant pro se litigants leniency *Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)*, it is true that the rules still apply to unrepresented parties *Warren v. Guelker 29 F.3d 1386 (9th Cir. 1994).*  I further affirm my commitment to these rules, and my passion for law.

Upon review of Local Rule 7.1, there are exceptions to the meet and confer requirement:

D.C.COLO.LCivR 7.1(b):

(b) Exceptions to the Duty to Confer:

(1) a motion filed in a case involving an unrepresented prisoner or detainee;

(2) a motion brought under Fed. R. Civ. P. 12;

**(3) a motion brought under Fed. R. Civ. P. 56; or**

(4) a motion brought under D.C.COLO.LAttyR 5(a) and (b).

Considering my motion for default is not predicated on Flex's ""fail[ure] to plead or otherwise defend," per Rule 55, I believe it will be treated as a motion for summary judgment brought under Rule 56, which is exempted from the meet and confer requirement.

As for the motion to remand, such motions must be filed within 30 days of the notice of removal, meeting and conferring is impractical.  Further, by not responding to the motion to remand, Flex would incur no prejudice.

As for the related motion for sanctions, it is a time-sensitive matter to avoid imminent harm, it is not yet known if Flex's counsel participated in the spoliation, Flex's counsel failed to respond to pre-litigation discussions on June 3rd and June 9th, and while I did not designate the motion as an [emergency motion](), I believe it could be treated as one, as further spoliation must be deterred in the interest of justice.

In the event that a meet and confer still should have occured, I apologize but maintain my good faith.  I further ask, "Did Flex meet and confer before destroying evidence

AFTER it was placed on notice not to do so?" and "Did Flex meet and confer before transferring its domain names into shell LLC's owned by Michael Held?"  And "[as I am informed and believe and can perceive] hasn't Flex Marketing  caused NRRM, LLC and American Auto Shield LLC enough damage already by sending these UCE's on their behalf, let alone get caught in the act of modifying data they have been placed on notice to preserve?"  With respect to the court's inherent power to impose sanctions, "the [key to unlocking it is a finding of bad faith]" *Peer V Lewis*, 606 F. 3d 1306, 1306. Flex is strongly alleged to have acted in bad faith, whereas Plaintiff is simply doing his non-attorney best to state his claim and prevail on its merits.

While the stipulated remand is *possible,* it is also immaterial if remand occurs due to a stipulation between the parties or from the judge's order.  However, I'm taken aback that your filing for sanctions and personal jurisdiction arguments are contingent on my agreeing to a stipulated motion to remand.  It's a logical fallacy and leaves me with one eyebrow raised.  Does this mean that if we stipulate remand, that you no longer reserve rights to contest personal jurisdiction?  I'm not sure how the two are related, and regardless of what happens with remand, I'm confident you'll be moving to dismiss for lack of personal jurisdiction, amongst other dismissal arguments.

Aside from a proposal to stipulate remand, it's not entirely clear what you're asking me to do.  Please elaborate.

-Joshua Lapin

On Thu, Jun 30, 2022 at 7:36 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
>
> My name is Jason Sykes and I'm one of the attorneys representing Flex Marketing Group, LLC. Nice to meet you.
>
> We've reviewed your motion to remand and motion seeking default judgment for alleged spoliation of evidence. Please note that the Court's local rules require you to meet and confer with us before filing most motions, including the two at issue here. (*See* Local Civil Rule 7.1). I know that you are proceeding pro se but the rules still apply and failure to follow them can be grounds for sanctions. This is particularly true here, where, if you had met and conferred, we may have avoided motions practice altogether.

Specifically, based on your representation to the Court that the total amount in controversy is below the $75,000 statutory threshold for jurisdiction, the Defendants are open to a stipulated remand of this case. Please confirm that you are willing to stipulate that the total amount in controversy in this matter is "$57,000 + the reasonable costs associated with filing and maintaining this action"—i.e., what you specified in your motion. If so, I will prepare a joint stipulation for you to review and, upon approval, we will file with the Court.

Of course, if we can't agree on a stipulation, all Defendants reserve all rights and arguments in opposition to your motions, including your failure to comply with local rules and that they are not subject to personal jurisdiction.

Thanks and best,

Jason