UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

    Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC, et al.,

    Defendants.

---

**DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FLEX MARKETING GROUP LLC, OR IN THE ALTERNATIVE FOR RULE 37(E) SANCTIONS[1]**

---

Defendant Flex Marketing Group, LLC opposes Plaintiff Joshua Lapin's Motion for Default Judgment Against Flex Marketing Group, LLC, or in the Alternative for Rule 37(e) Sanctions (Doc. # 11) ("Motion").

## INTRODUCTION

Plaintiff Joshua Lapin is a prolific pro se litigant who sues defendants for alleged violations of various state laws regulating commercial email. In the last six months alone, he has filed these lawsuits in at least seven states. After demanding millions of dollars in settlement, he filed three lawsuits against Defendant Flex Marketing Group, LLC in courts across the country—in Arizona, Maryland, and here. Lapin claims he

---

[1] Flex submits this response to Lapin's motion without waiving its objection to personal jurisdiction in this forum as asserted in its pending motion to dismiss, including under Rule 12(b)(2) for lack of personal jurisdiction. (Doc. # 20).

1

received emails that violate South Dakota's commercial-email statute, which he believes Flex was involved in sending. He seeks statutory damages of $1,000 per email.

Lapin's litigation tactics routinely include filing a constant barrage of motions right from the outset. In a case he filed in January in the Idaho federal district court, Lapin filed six motions in just the first 60 days, leading the court to sua sponte order the parties to obtain leave of court before filing additional motions. In this case, Lapin is off to a similar start. His Motion appears calculated to force Flex to incur attorneys' fees. There is no legal or factual basis for any of his requested relief.

Lapin is not entitled to the sanctions requested under any relevant authority. He claims that Flex and its CEO engaged in spoliation because publicly available records—called "Whois records"—maintained by a third party were updated. But Lapin acknowledges that before filing this lawsuit he located and preserved copies of those records.

Lapin's Motion accuses Flex and its CEO of engaging in fraudulent and intentional spoliation of "evidence." But Lapin has failed to show either of the conditions under which ESI-spoliation sanctions are available under Rule 37(e). First, he cannot demonstrate any prejudice under Rule 37(e)(1) as a result of the updated public Whois information, as he already possesses the information that he claims has been "destroyed." Second, he cannot show that Flex intentionally acted to deprive him of the ability to use that information in this litigation as required to obtain more-severe sanctions under Rule 37(e)(2), including default judgment. This is because at the time he claims information was "destroyed" as the result of updated Whois information, Flex already knew that Lapin had the information because he had "copied and pasted" it into his demand letter seeking millions of dollars.

The Court should deny Lapin's Motion.

## STATEMENT OF FACTS

In his Complaint in this removed action, Lapin claims that Flex is responsible for sending 34 commercial emails that violate South Dakota law. (Doc. # 5, ¶¶ 13, 28, 29, 32, 37). Lapin alleges that the emails Flex is responsible for in this action were sent with "From" email addresses that included particular domain names, e.g. jobsharknl.com. (Doc. # 5, ¶ 11). His allegations relate in part to legal theories based on the publicly available "Whois" records maintained in connection with each such domain name by the domain-name registrar. (*See* Mot. ¶ 1).

On April 19, 2022, Lapin obtained and "stored copies of" the Whois records for the domain names he claims are at issue in this action. (Mot. ¶ 1). Lapin's Complaint includes screenshots of publicly available Whois records that he preserved. (Doc. # 5, ¶¶ 10, 15a–15g).

On April 20, 2022, Lapin emailed a letter to Moniker Online Services LLC, the domain-name registrar for the domain names. (*See* Mot. ¶ 25, Ex. B (Doc. # 11-2)). In that letter, Lapin listed the domain names and asserted that as the registrar, the Whois records were in Moniker's possession. (*See id.*).

On April 21, 2022, Lapin sent a letter by email to Flex and its CEO, Michael Held. (Mot. ¶ 3). In that letter, Lapin "copied and pasted the whois data" he had stored…." (*Id.* ¶ 4). Lapin's letter wasn't limited to domain names in the emails he's asserted in this action. He accused Flex of being responsible for over 2,000 unsolicited commercial emails he's received and threatened to sue over, seeking a total of $2,143,000 in statutory liquidated damages. (*See* Mot., Ex. A (Doc. # 11-1), ¶ 11). He demanded a settlement payment of over $1.7 million from Flex. (*Id.* ¶ 14).

Since then, Lapin has filed multiple lawsuits against Flex in far-flung jurisdictions:

- On April 26, 2022, Lapin filed a lawsuit against Flex and other defendants in Maryland state court in the Maryland Circuit Court in and for Montgomery County, Maryland. *Lapin v. Gov't Emps. Ins. Co. et al.*, No. C-15-CV-22-001703.
- On May 4, 2022, Lapin filed a lawsuit against Flex and other defendants in The U.S. District Court for the District of Arizona. *Lapin v. NortonLifeLock, Inc. et al.*, No. 2:22-cv-00759-MTL.
- On May 9, 2022, Lapin filed a lawsuit against Flex and other defendants in Colorado state court in the District Court in and for Jefferson County, Colorado, *Lapin v. American Auto Shield, LLC et al.*, No. 2022CV99, which was subsequently removed to this Court. (Doc. # 1).

On June 27, 2022—the same day that Lapin filed this Motion—he filed a substantively identical motion in his Arizona lawsuit against Flex. *See Lapin v. NortonLifeLock, Inc.*, No. 1:22-cv-01543, Motion for Default Judgment Against Flex Marketing Group LLC, or in the Alternative for Rule 37(e) Sanctions (D. Ariz. June 27, 2022).

In addition to Lapin's burgeoning lawsuits against Flex, he has filed others. For example, in January 2022, Lapin filed a lawsuit over alleged commercial email violations against numerous defendants in the U.S. District of Idaho. *Lapin v. Jones*, No. 22-cv-00011-DCN. After just the first few months of litigation in that case, Lapin had filed so many motions—including yet another motion under Rule 37(e) seeking sanctions for alleged spoliation—that the court entered an order prohibiting the parties from filing additional motions without leave of court. *See Lapin v. Jones*, No. 22-cv-00011-DCN, Order (D. Idaho, Mar. 7, 2022).

# ARGUMENT

**A.  Lapin's request for sanctions should be denied because there was no spoliation, no prejudice, and no intent to deprive him of information.**

Rule 37(e) of the Federal Rules of Civil Procedure authorizes sanctions against a party that fails to preserve electronically stored information ("ESI"). It provides "specific, limited remedies" if the court determines ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." *Marten Transp., Ltd. v. Plattform Advert., Inc.*, No. 14-CV-02464-JWL-TJJ, 2016 WL 492743, at *4 (D. Kan. Feb. 8, 2016) (citing Fed. R. Civ. P. 37(e)).

Where these criteria are met and the Court finds that the "party acted with the intent to deprive another party of the information's use in the litigation," a court may issue terminating sanctions. Fed. R. Civ. P. 37(e)(2)(C). Although Rule 37(e) does not define "intent," courts have found that "intent" in this context is a "stringent" requirement and that negligence or even recklessness are insufficient. *See Stovall v. Brykan Legends, LLC*, No. 17-2412-JWL, 2019 WL 480559, at *4 (D. Kan. Feb. 7, 2019) (denying motion for sanctions based on alleged destruction of ESI where movant failed to demonstrate that respondent intended to deprive movant of use of ESI).

  **1.  There has not been any spoliation of evidence and Lapin has failed to demonstrate otherwise, relying entirely on speculation about anticipated future discovery efforts.**

Lapin claims that updates made to publicly available Whois records associated with various domain names constitute spoliation of evidence. Specifically, he complains that the current updated publicly available records no longer precisely match those which he observed and preserved copies of on April 20, 2022. But Lapin does not explain what, if any information "should have been preserved" but is now "lost because

a party failed to take reasonable steps to preserve it." *See* Fed. R. Civ. P. 37(e). Nor does he provide any basis upon which such information "cannot be restored or replaced through additional discovery" as is required. *See id.*; *see also Sterbenz v. Attina*, 205 F. Supp. 2d 65, 74 (E.D.N.Y. 2002) (no duty to preserve evidence where opposing party had "adequate and meaningful opportunity to inspect" the evidence.)

Rather, Lapin acknowledges in his Motion that he already "preserved the data he seeks"—i.e. the publicly available Whois registration data available as of April 20, 2022. (Mot. ¶ 22). Lapin acknowledges that public Whois information may change from time-to-time and that he intends to seek "historic and future Whois data from the source" (*id.* ¶ 22)—i.e. the domain-name registrar who maintains such information. Lapin doesn't claim that such records are no longer available, instead he speculates that "there is no guarantee that plaintiff will be able to recover the past-to-present historic whois data from other sources, including the registrar and [Whois] database". (*Id.* ¶ 22) Under Rule 37(e), Lapin was required to show both that information has been "lost" and "cannot be restored or replaced through additional discovery" and his failure to do so means that his Motion must be denied.

### 2. Because Lapin cannot show any prejudice from the updated Whois records, sanctions are not available.

Sanctions for alleged spoliation should be denied where the moving party fails to show "actual, rather than merely theoretical" prejudice. *McGee v. Pacheco*, No. 20-CV-00328-CMA-STV, 2021 WL 2104831, at *6 (D. Colo. May 25, 2021) *citing Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1171 (D. Colo. 2015)). Similarly, the remedial measures under Rule 37(e)(1) for failure to preserve electronically stored information are unavailable when the court finds no "prejudice to another party from loss of the information" Fed. R. Civ. P. 37(e)(1). For prejudice "[t]he burden is on the

aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996).

Here, Lapin cannot possibly demonstrate any prejudice. No information has been lost. To the contrary, Lapin's Motion repeatedly asserts that he obtained and preserved the information at issue:

- "Around the 19th of April 2022, Plaintiff stored copies of the WHOIS [publicly available domain registration data] as part of his own investigative efforts…" (Mot. ¶ 1 (brackets in original));
- "Plaintiff even copied and pasted the whois data for 22 domains in the letter" to Flex dated April 21, 2022 (*id.* ¶¶ 3, 4);
- "Plaintiff preserved copies of the whois registration data for all domains on April 20th 2022" (*id.* ¶ 11); and
- "Even though Plaintiff fortunately preserved the data he seeks on April 20th 2022…" (*id.* ¶ 22)

Not only has Lapin preserved the allegedly destroyed information, but he has created and disseminated multiple copies of it. He provided it in his April 21, 2022, letter to Flex. He also published the "lost" Whois records on this Court's docket, including both in his Complaint and in papers filed in support of this Motion. And if, somehow, all of those copies suddenly vanished, Lapin acknowledges that he anticipates being able to obtain Whois information—historic, current, and "future"—from the applicable domain-name registrar. In sum, Lapin has not suffered prejudice and cannot possibly suffer prejudice from the loss of any "information" as a result of updates to publicly available Whois information.

7

### 3. Because Lapin cannot show that Flex intended to deprive him of information for use in this litigation, terminating sanctions, including default judgment, are not available.

The more severe sanctions provided under Rule 37(e)(2) for failure to preserve electronically stored information—including terminating sanctions such as default judgment—are unavailable if the loss of the information was unintentional. Rule 37(e) does not define "intent." However, the 2015 Advisory Committee Notes to the amendment of Rule 37(e) advise that "[n]egligent or even grossly negligent behavior" is insufficient to show "intent." 2015 Advisory Comm. Notes. Thus, "[m]ere negligence in losing or destroying records is not enough." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)).

Here, Lapin has failed to show that Flex "acted with the intent to deprive" Lapin of the use of any Whois information in this litigation. Rather, Lapin claims that he sent a letter to Flex on April 21 in which he "copied and pasted the whois data" that he had preserved the previous day. (Mot. ¶¶ 3, 4). Lapin does not explain how—given that Flex knew Lapin already possessed copies of the publicly-available Whois information as of April 19, 2022—any subsequent updates to the public information could be intended to deprive him of the use of information that Lapin already possesses. Nor does he explain how the act of updating public Whois information would prevent him from obtaining historical Whois information from the third-party domain-name registrar responsible for maintaining it.

## CONCLUSION

Lapin's Motion is frivolous. He claims that Flex engaged in spoliation by "destroying" public records that are maintained by a third party and that Lapin already has in his possession. There is no possible prejudice and, given that Flex knew Lapin

8

had copies of the records, no possible basis for asserting that it intended to deprive him of use of the information in this litigation. Flex respectfully requests that the Court deny Lapin's Motion.

s/ Derek A. Newman
**Derek A. Newman**
Newman Du Wors LLP
2101 Fourth Ave., Suite 150
Seattle, WA 98121
Telephone: (206) 274.2800
Fax: (206) 274-2801
Email: dn@newmanlaw.com
Attorney for Defendant
Flex Marketing Group LLC

*Craig R. May*
*Charles W. Gibson*
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244.1800
Fax: (303) 244.1879
Email: may@wtotrial.com, gibson@wtotrial.com
Attorneys for Defendant
Flex Marketing Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of July, 2022, served the foregoing DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FLEX MARKETING GROUP LLC, OR IN THE ALTERNATIVE FOR RULE 37(E) SANCTIONS via the method described below:

Joshua Lapin
401 E. 8th St.
STE 214, PMB 7452
Sioux Falls, SD 57103
via Email: thehebrewhammerjosh@gmail.com

    *Pro se* Plaintiff

Jeffrey H. Kass
Lewis Brisbois Bisgaard & Smith
1700 Lincoln Street, Suite 4000
Denver, CO 80203
via the Court's CM/ECF system

    Counsel for Defendant
    NRRM LLC d/b/a CarShield,
    and American Auto Shield, LLC

                                 s/ Erika Cueva
                                 Erika Cueva