UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81616-CIV-CANNON

JOSHUA LAPIN,

    Plaintiff,
v.

APPTNESS MEDIA GROUP LLC,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court upon the following two motions, both filed by Plaintiff on September 17, 2021: (1) Motion to Remand to the Fifteenth Judicial Circuit, or in the Alternative, to Enter Default and Default Judgment on Behalf of the State of Florida (the "Motion to Remand") [ECF No. 5]; and (2) Motion to Show Cause for Contempt, Sanctions, and Enter Default in Favor of Plaintiff (the "Motion for Sanctions") [ECF No. 6]. The Court has reviewed Defendant's Response to the Motion to Remand [ECF No. 9], the record, and the applicable law. For the reasons that follow, Plaintiff's Motion to Remand [ECF No. 5] is **GRANTED**, and Plaintiff's Motion for Sanctions [ECF No. 6] is **DENIED**.

### FACTUAL BACKGROUND

On August 1, 2021, Plaintiff Joshua Lapin filed a one-count complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [ECF No. 1-1 (*Joshua Lapin v. Apptness Media Group LLC*, Palm Beach County Circuit Court (Case No. 50-2021-CA-009331))]. Plaintiff alleges that Defendant Apptness Media Group LLC ("Apptness"), a Florida based marketing company, sent him thirty-seven spam emails with "misleading subject lines," in violation of South Dakota's Deceptive Trade Practices and Consumer Protection statute ("SD Anti-Spam Law"), S.D.

Case No. 1:22-cv-01543-SKC Document 22-2 filed 07/20/22 USDC Colorado pg 2 of 7
Case: 9:21-cv-81616-AMC Document #: 12 Entered on FLSD Docket: 11/09/2021 Page 2 of 7
CASE NO. 21-81616-CIV-CANNON

Codified Laws §§ 37-24-42 through 37-24-48 [ECF No. 1-1 p. 3]. Plaintiff is a South Dakota resident, and his complaint seeks $37,000 in liquidated, statutory damages [ECF No. 1-1 pp. 2–3].

On September 8, 2021, Defendant filed its Notice of Removal, asserting federal question jurisdiction under 28 U.S.C § 1331 because, as Defendant argues, the SD Anti-Spam Law "is completely preempted by 15 U.S.C. § 203 *et seq.*, the CAN–SPAM Act" [ECF No. 1 ¶¶ 5–6]. Thus, Defendant argues that the case is removable under 28 U.S.C. § 1441(a) [ECF No. 1 ¶ 7].

On September 17, 2021, Plaintiff filed the instant Motion to Remand [ECF No. 5]. Plaintiff argues that the notice of removal is inadequate to establish federal question jurisdiction because Defendant did not previously raise the complete preemption issue [ECF No. 5 ¶ 1]. Plaintiff further argues that there is no diversity jurisdiction because the complaint seeks only $37,000 in damages, well below the $75,000 amount-in-controversy threshold [ECF No. 5 ¶ 1].

## LEGAL STANDARD

Removal from state court to federal court is appropriate only if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

"The burden of establishing subject matter jurisdiction falls on the party invoking removal." *U. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

Case No. 1:22-cv-01543-SKC Document 22-2 filed 07/20/23 USDC Colorado pg 3 of 7
Case: 9:21-cv-81616-AMC Document 22 Entered on FLSD Docket page 3 of 7

CASE NO. 21-81616-CIV-CANNON

## DISCUSSION

The Court first considers whether it may exercise federal question jurisdiction over this case. Defendant asserts that federal question jurisdiction exists because Plaintiff's single claim under the SD Anti-Spam Law, S.D. Codified Laws §§ 37-24-42 through 37-24-48, "is completely preempted" by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("the CAN–SPAM Act"), 15 U.S.C. § 203 *et seq.* [ECF No. 1 ¶ 6]. This Court disagrees: the CAN–SPAM Act does not completely preempt Plaintiff's state law claim because Plaintiff has no federal remedy under the CAN–SPAM Act.

> The SD Anti-Spam Law, the state statute at issue in this case, provides in relevant part:
>
> No person may advertise in a commercial e-mail advertisement either sent from South Dakota or sent to a South Dakota electronic mail address under any of the following circumstances: . . . (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

S.D. Codified Laws § 37-24-47.

> The CAN–SPAM act has an express preemption clause that provides as follows:
>
> This chapter supersedes any statute, regulation, or rule of State . . . that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached hereto.

15 U.S.C. § 7707(b)(1).

As the Eleventh Circuit has explained, "complete" preemption is a rarely invoked and "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003). The doctrine is a limited exception to the "well-pleaded complaint" rule and applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state

Case No. 1:22-cv-01543-SKC Document 22-2 filed 07/20/22 USDC Colorado pg 4 of 7
Case 9:21-cv-81616-AMC Document #: 12 Entered on FLSD Docket 11/09/2021 Page 4 of 7

CASE NO. 21-81616-CIV-CANNON

common law complaint into one stating a federal claim.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "Complete preemption creates federal subject-matter jurisdiction over completely preempted state-law claims, allowing for removal to federal court." *Community State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011).

"Complete preemption occurs when a federal statute both preempts state substantive law and provides the exclusive cause of action for the claim asserted." *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008). The complete preemption inquiry "focuses on whether Congress intended the federal cause of action to be exclusive." *Anderson*, 539 U.S. at 9 n.5; *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1312 (11th Cir. 2001) (quoting *Blab*, 182 F.3d at 857) ("The 'touchstone' of the complete preemption inquiry is 'Congress's intent.'"). "Thus, 'complete' preemption only exists where the federal statute at issue creates a federal cause of action or 'federal remedy.'" *Gonzalez v. U.S. Ctr. for SafeSport*, 374 F. Supp. 3d 1284, 1292 (S.D. Fla. 2019) (citing *Anderson*, 539 U.S. at 9).

By contrast, "ordinary" preemption[1] is an affirmative defense that "simply allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law." *Strong*, 651 F.3d at 1260 n.16. "Ordinary" preemption is neither a source of federal subject matter jurisdiction nor a basis for removal to federal court. *Geddes*, 321 F.3d at 1352–53 (citing *Caterpillar, Inc.*, 482 U.S. at 393) ("[A] case may not be removed to federal court on the basis of a federal defense, including that of federal preemption.").[2]

---

[1] Ordinary preemption encompasses the three familiar categories of express preemption, field preemption, and conflict preemption. *See Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008) ("The well-worn taxonomy of preemption doctrine identifies three categories: (1) express preemption; (2) field preemption; and (3) conflict preemption.").

[2] Although Defendant's Notice of Removal asserts that the CAN–SPAM Act completely preempts SD Anti-Spam Law [ECF No. 1 ¶ 6], Defendant cites to cases related to the affirmative defense of

Case No. 1:22-cv-01543-SKC Document 22-2 filed 07/20/22 USDC Colorado pg 5 of 7
Case 9:21-cv-81616-AMC Document 22-2 Entered 07/20/22 USDC Colorado pg 5 of 7
5 of 7
CASE NO. 21-81616-CIV-CANNON

The Supreme Court has applied the complete preemption doctrine to three federal statutes only: the Labor Management Relations Act ("LMRA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and the National Bank Act. *See, e.g., United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372 (1990) (LMRA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (ERISA); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 10 (2003) (National Bank Act); *see also Atwater v. Natl. Football League Players Ass'n*, 626 F.3d 1170, 1176 (11th Cir. 2010) ("The Supreme Court has applied the complete preemption doctrine to only three federal statutes . . . ."). Outside of these statutes, the Eleventh Circuit has cautioned that complete preemption should be extended "hesitatingly" and without enthusiasm. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commun., Inc.*, 182 F.3d 851, 856 (11th Cir. 1999) ("[A]lthough the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into [new] areas of law . . . .").

Applying these standards, Plaintiff's state law claim is not completely preempted by the CAN-SPAM Act because it does not provide any federal remedy to Plaintiff as a private citizen. The CAN–SPAM Act "does not provide a cause of action for private citizens; rather, only the FTC, various other federal agencies, a state attorney general on behalf of residents, or providers of Internet access services may bring lawsuits enforcing the CAN–SPAM Act." *Martin v. CCH, Inc.*, 784 F. Supp. 2d 1000, 1004 (N.D. Ill. 2011) (citing 15 U.S.C. § 7706). Because Plaintiff is not a provider of internet access services, he could not have brought his claim under the federal CAN–SPAM act to begin with. *See* 15 U.S.C. § 7706. And, because Plaintiff does not have a federal cause of action or remedy available to him, he has no federal question removal jurisdiction under

---

ordinary preemption. *See, e.g., Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 (9th Cir. 2009); *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 352 (4th Cir. 2006).

5

Case No. 1:22-cv-01543-SKC Document 22-2 filed 07/20/22 USDC Colorado pg 6 of 7
Case: 9:21-cv-81616-AMC Document #: 12 Entered on FLSD Docket: 11/09/2021 Page 6 of 7

CASE NO. 21-81616-CIV-CANNON

the complete preemption rule. *See Gonzalez*, 374 F. Supp. 3d at 1292–93 (quoting *Anderson*, 539 U.S. at 6, 9) ("[A]bsent a 'federal remedy' through which to pursue a preempted state law claim in a district court (after repleading), preemption would serve only as a basis for dismissal, or a mere 'federal defense,' which can never 'justify removal.'").[3] Defendant has supplied no other basis for federal question jurisdiction, leaving the Court without power to entertain this suit.

Plaintiff also moves for various forms of relief, including contempt, sanctions, and default judgment [ECF No. 6]. Plaintiff contends that such remedies are justified because removal to federal court by Defendant was frivolous [ECF No. 6 ¶ 1]. With respect to the Court's inherent authority to issue sanctions, the "key to unlocking a court's inherent power is a finding of bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal citation omitted). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (internal citation omitted).

Although, as explained, this Court lacks subject-matter jurisdiction because complete preemption does not apply to Plaintiff's claim, the Court finds nothing to indicate that Defendant's complete preemption argument was knowingly or recklessly frivolous. Sanctions are thus not warranted, and Plaintiff's Motion for Sanctions is denied.

---

[3] The Court does not address whether Plaintiff's claim is barred by "ordinary" preemption. *See Gonzalez*, 374 F. Supp. 3d at 1291–92 ("A claim may not be removable to federal court based on 'complete' preemption, but nonetheless still subject to dismissal under 'ordinary' preemption. . . . When presented with that circumstance, federal courts should avoid pre-judging any potential 'ordinary' preemption defense that may be pursued on the merits of the plaintiff's claim in the state court.") (internal citations omitted). Nor does the Court address Plaintiff's Motion for Leave to "Pierce the Veil" [ECF No. 7].

CASE NO. 21-81616-CIV-CANNON

## CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [ECF No. 5] is **GRANTED**.

2. Plaintiff's Motion for Sanctions [ECF No. 6] is **DENIED**.

3. This case is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.

4. The Clerk of Court shall **CLOSE** the case in this Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of November 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record