UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA LAPIN,<br><br>                  Plaintiff,<br><br>v.<br><br>FRANZISKA JONES, as an individual; BUYGOODS INC.; CLICK SALES, dba "CLICKBANK;" JOHN DOE, owner of "Savage Grow Plus Penis Enlargement Supplement; DOES 0-10, who sent the 340 emails as part of one or more "affiliate" programs,<br><br>                  Defendants. | Case No. 1:22-cv-00011-CWD<br><br>**ORDER** |

# INTRODUCTION

Plaintiff Joshua Lapin, who appears pro se in this matter, filed a complaint against Defendants on January 7, 2022. (Dkt. 1.) There are presently eleven pending motions in this matter, including three motions to dismiss filed by Defendants on February 4, 2022, and motions related to the same filed by Plaintiff. (Dkt. 8, 9, 10, 17, 21, 25.) Considered

**ORDER - 1**

here are the following nondispositive[1] motions unrelated to the pending motions to dismiss: (1) Plaintiff's Motion to Appear Virtually/Telephonically in Hearings in This Case and For Leave to E-File as a Non-Attorney (Dkt. 2); (2) Defendants' Joint Motion to Stay Discovery (Dkt. 16); and (3) Plaintiff's Request for More Time Responding to All 3 Defendants Motions to Dismiss (Dkt. 18).

**1.      Plaintiff's Motion to Appear (Dkt. 2)**

Plaintiff requests the Court's permission to file documents electronically via PACER, and to appear for all court proceedings by video. Plaintiff represents he lives a nomadic lifestyle and does not have a permanent residence, but that he has adequate access to the internet and to a computer. Defendants oppose Plaintiff's motion, asserting that the Court rescinded G.O. No. 362, which allowed pro se litigants the capability to file documents by email because of the COVID-19 pandemic, and that a blanket request to never appear in person is contrary to Dist. Idaho Loc. Civ. R. 83.7, which requires in person participation. (Dkt. 6.)

G.O. No. 390 rescinded G.O. No. 362, returning the Court to its standard pro se filing procedures. The Court's Electronic Case Filing Procedures grant the Court discretion to approve requests by persons appearing pro se to use a PACER account to access CM/ECF and to file documents electronically. ECF Procedures §§ 2(H), 3(A)(4).[2]

---

[1] Not all parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter. 28 U.S.C. § 636(c)(1); (Dkt. 7, 28.)

[2] The Court's ECF procedures may be found on the Court's Website, at the following link: https://id.uscourts.gov/Content_Fetcher/index.cfml/ECF_Procedures_1972.docx?Content_ID=1972

**ORDER - 2**

The Court in its discretion will grant Plaintiff's request for leave to register as a "Registered Participant in the Electronic Filing System" solely for purposes of this action and to obtain a CM/ECF username and password. Plaintiff is ordered to follow all applicable procedures for electronic case filing, including but not limited to the District of Idaho's Local Civil Rules and Electronic Case Filing Procedures, as amended October 6, 2021. Permission to file electronically may be revoked for failure to do so.

However, the Court will deny Plaintiff's request to appear for all court proceedings by video or other electronic means. Persons appearing without an attorney "must appear personally for such purpose…." Dist. Idaho Loc. Civ. R. 83.7.[3] The current General Order pertaining to Court operations during the COVID-19 pandemic authorizes in-court proceedings depending upon the current risk level assigned to each courthouse by the District of Idaho COVID-19 Committee. The risk level assigned is based upon an analysis of CDC and health district information from counties served by the respective courthouses. The James A. McClure Federal Courthouse located in Boise, Idaho, is currently assigned a "yellow" risk level, which restricts public access to the courthouse to those individuals with specific business and limits occupancy to 50 individuals or less in courtrooms and other court-occupied spaces. G.O. No. 411.

The decision to hold court proceedings virtually in civil matters is left to the discretion of the presiding judge. Plaintiff's blanket request to attend all court

---

[3] The rule is not to be read literally, considering the Court often conducts proceedings by telephone or other electronic means. *See, e.g.,* Notice of Telephonic Scheduling Conference. (Dkt. 4.)

**ORDER - 3**

proceedings virtually will therefore be denied. The Court will determine, on a case-by-case basis, whether to hold proceedings telephonically, by video, or in person. *See also* Dist. Idaho Loc. Civ. R. 7.1(d)(3) ("The parties may request that the hearing [on a motion] be conducted telephonically or by video conference by contacting the courtroom deputy to obtain permission from the presiding judge."). The parties may visit the Court's website, www.id.uscourts.gov, to determine the current risk level assigned to the courthouse in Boise affecting the Court's ability to hold in-person proceedings.

**2.      Motion for Extension (Dkt. 18)**

Defendants filed motions to dismiss on February 4, 2022. (Dkt. 8, 9, 10.) Responses were due on February 25, 2022. Plaintiff requests more time to respond to the three motions to dismiss, on the grounds that: (1) his pro se status and limited knowledge of the law require additional time for him to prepare adequate responses; (2) there are multiple motions to respond to; (3) he is awaiting documents from South Dakota; (4) he is awaiting a ruling on his motion to file documents electronically; and, (5) service by mail reduces the amount of time Plaintiff has to respond. Defendants oppose the motion because no definite time frame within which to respond was requested and Defendants claim Plaintiff is well versed in the applicable law pertinent to the grounds upon which Defendants base their motions to dismiss. (Dkt. 19, 20.)

The motion will be denied as moot. Plaintiff timely filed responses to all three motions to dismiss on February 22, 2022, and has not requested permission to file supplemental briefing. (Dkt. 22, 23, 24.) He also timely filed supplemental materials and

**ORDER - 4**

documents in support of his responses. (Dkt. 26, 27.) Replies in support of the motions are due March 8, 2022. The motions will be considered by the Court in due course.[4]

3.      **Joint Motion to Stay Discovery (Dkt. 16)**

Defendants request that the Court stay discovery in this case until the Court rules on the three pending motions to dismiss. (Dkt. 16.) Defendants represent that they conferred with Plaintiff regarding the relief requested, and that Plaintiff stated he opposed the motion. (Dkt. 16-1 at 2.) A response to the motion has not yet been filed, and is not due until March 8, 2022.

Plaintiff's opposition to Defendants' request is duly noted. Nonetheless, the Court, in its discretion, will stay discovery in this matter. Fed. R. Civ. P. 1, 16. The pending motions to dismiss may dispose of some or all of the claims asserted in the Complaint, rendering discovery unnecessary or narrowing the same. Accordingly, in the interest of discouraging wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of every action and proceeding before the Court, discovery will be stayed until the Court determines whether and what claims remain in this matter. *Id.*

The Court will, therefore, vacate the telephonic scheduling conference currently set in this matter for March 9, 2022, at 10:30 a.m.

---

[4] To the extent Plaintiff requests the Court to strike the pending motions to dismiss, or portions of them, such requests are procedurally improper. (Dkt. 21, 25.) Fed. R. Civ. P. 12(f) limits motions to strike to pleadings. Plaintiff's additional arguments raised in opposition to Defendants' motions to dismiss will be considered in the context of determining the motions.

**ORDER - 5**

**4.     Remaining Motions**

Upon entry of the Court's order, the Defendants' motions to dismiss (Dkt. 8, 9, 10), the related motion for sanctions (Dkt. 17), and the motions to strike directed at the motions to dismiss or declarations attached thereto (Dkt. 21, 25), remain pending. Upon the filing of Defendants' reply memoranda in support of their motions to dismiss, the Court will determine if oral argument on the motions is appropriate, and will notify the parties accordingly. Fed. R. Civ. P. 7.1(d). No further motions will be permitted to be filed without leave of the Court. If not all parties consent to the exercise of jurisdiction by a magistrate judge to conduct all proceedings in this case, this matter will be reassigned to a District Judge. (Dkt. 7.)

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Motion to Appear Virtually/Telephonically in Hearings in This Case and For Leave to E-File as a Non-Attorney (Dkt. 2) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request for leave to register as a "Registered Participant in the Electronic Filing System" solely for purposes of this action and obtain a CM/ECF username and password is granted. Plaintiff's request to appear virtually for all court proceedings is denied.

2) Plaintiff's Request for More Time Responding to All 3 Defendants Motions to Dismiss (Dkt. 18) is **DENIED AS MOOT**.

3) Defendants' Joint Motion to Stay Discovery (Dkt. 16) is **GRANTED**. The telephonic scheduling conference set for March 9, 2022, at 9:30 a.m. is therefore **VACATED**, to be reset, if necessary, following disposition of Defendants' motions to dismiss.

**IT IS FURTHER ORDERED** that no further motions will be permitted to be filed in this matter unless the Court grants leave to do so.

The Clerk is directed to mail a copy of this Order to Plaintiff at his address of record and note the same on the docket.

DATED: March 07, 2022

Candy W. Dale
Chief U.S. Magistrate Judge

ORDER - 7