**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Jul-25-2013 10:35 am

Case Number: CGC-13-533077

Filing Date: Jul-25-2013 10:28 am

Filed by: DENNIS TOYAMA

Juke Box: 001   Image: 04139820

COMPLAINT

SHELLY CARPER et al VS. ADKNOWLEDGE INC. et al

001C04139820

**Instructions:**
Please place this sheet on top of the document to be scanned.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADKNOWLEDGE INC., a Delaware corporation,
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHELLY CARPER, an individual,
(Additional Parties Attachment form is attached)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-13-533077

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel Balsam, The Law Offices of Daniel Balsam, 2912 Diamond St. #218, SF, CA 94131, 415-869-2873

DATE: July 25, 2013        CLERK OF THE COURT Clerk, by _____ DENNIS TOYAMA , Deputy
*(Fecha)*                                                    *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.

SUM-200(A)

| SHORT TITLE: Carper v. Adknowledge Inc. et al | CASE NUMBER: CGC-13-533077 |

**INSTRUCTIONS FOR USE**
→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

SHELLY CARPER, an individual,

STEVE CARPER, an individual,

NICK OLIVERES, an individual,

MARIO OSOTEO, an individual,

DEBRA RUIZ, an individual

Page 1 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet Inc.
www.FormsWorkflow.com

SUM-200(A)

SHORT TITLE:
Carper v. Adknowledge Inc. et al

CASE NUMBER:
CGC-13-533077

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ADKNOWLEDGE INC., a Delaware corporation,

BUSINESS.COM MEDIA INC., a Delaware corporation,

and

DOES 1-1,000

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet Inc.
www.FormsWorkflow.com

FILED
San Francisco County Superior Court
JUL 2 5 2013
CLERK OF THE COURT
BY: DENNIS TOYAMA
Deputy Clerk

1  Daniel L. Balsam (State Bar No. 260423)
2  THE LAW OFFICES OF DANIEL BALSAM
   2912 Diamond Street #218
3  San Francisco, CA 94131
4  Phone: (415) 869-2873
   Fax: (415) 869-2873
5

6  Timothy J. Walton (State Bar No. 184292)
   WALTON TWU LLP
7  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
8  Phone (831) 685-9800
9  Fax: (650) 618-8687

10
   Jeffrey A. Pollak (State Bar No. 239575)
11 MANN ORLANSKY & POLLAK
   1901 1st Avenue, Suite 405
12 San Diego, CA 92101
13 Phone (619) 238-5500
   Fax: (619) 238-5542
14

15 Attorneys for Plaintiffs SHELLY CARPER, STEVE CARPER, NICK OLIVERES, MARIO
   OSOTEO, and DEBRA RUIZ
16

17             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18             **COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)**
19

20 SHELLY CARPER, an individual,           ) Case No.: **CGC-13-533077**
21 STEVE CARPER, an individual,            )
   NICK OLIVERES, an individual,           )
22 MARIO OSOTEO, an individual,            ) COMPLAINT FOR DAMAGES
23 DEBRA RUIZ, an individual,              )
                                           )   1. **VIOLATIONS OF CALIFORNIA**
24          Plaintiffs,                    )      **RESTRICTIONS ON UNSOLICITED**
25                                         )      **COMMERCIAL E-MAIL (Cal. Bus. &**
        v.                                 )      **Prof. Code § 17529.5)**
26                                         )
27 ADKNOWLEDGE INC., a Delaware            )
   corporation,                            )
28 BUSINESS.COM MEDIA INC., a Delaware     )
29 corporation, and                        )
   DOES 1-1,000,                           )
30                                         )
31          Defendants.                    )

1

**COMPLAINT FOR DAMAGES**

COME NOW PLAINTIFFS SHELLY CARPER, STEVE CARPER, NICK OLIVERES, MARIO OSOTEO, and DEBRA RUIZ and file this Complaint for one cause of action against Defendants ADKNOWLEDGE INC. *et al* and allege as follows:

## I. INTRODUCTION AND SUMMARY OF THE COMPLAINT

1. Plaintiffs each received unlawful Unsolicited Commercial Emails ("UCEs" or "spams") advertising and/or sent by Defendants that violated California Business & Professions Code § 17529.5.

2. No Plaintiff ever gave any Defendant "direct consent" (as required by law) to advertise in commercial email advertisements sent to him or her.

3. The spams all had materially falsified, misrepresented, and/or forged information contained in or accompanying the headers.

4. The unlawful elements of the spams represent willful acts of falsity and deception, rather than clerical errors.

5. Plaintiffs suffered damages by receiving the spams. *See, e.g.*, Cal. Bus. & Prof. Code § 17529(d), (e), (g), (h).

6. This Court should award liquidated damages of $1,000 per email as provided by Cal. Business & Professions Code § 17529.5(b)(1)(B)(ii), and not consider any reduction in damages, because Defendants failed to establish and implement, with due care, practices and procedures reasonably designed to effectively prevent unlawful spams in violation of the statute.

7. This Court should award Plaintiffs their attorneys' fees pursuant to Cal. Business & Professions Code § 17529.5(b)(1)(C). *See also* Cal. Code of Civil Procedure § 1021.5, providing for attorneys fees when private parties bear the costs of litigation that confers a benefit on a large class of persons; here by reducing the amount of false and deceptive spam received by California residents and/or sent from California.

## II. PARTIES

8. Each Plaintiff SHELLY CARPER, STEVE CARPER, NICK OLIVERES, MARIO OSOTEO, and DEBRA RUIZ received the unlawful spams at his or her California email address.

9. Plaintiffs are informed and believe and thereon allege that Defendant ADKNOWLEDGE INC. ("ADKNOWLEDGE") is currently, and was at all relevant times, a Delaware corporation with a business location in San Francisco, California.

10. Plaintiffs are informed and believe and thereon allege that Defendant BUSINESS.COM MEDIA INC. ("BUSINESS.COM") is currently, and was at all relevant times, a Delaware corporation with a primary place of business in Carlsbad, California.

11. Plaintiffs are informed and believe and thereon allege that Defendant BUSINESS.COM was at all relevant times an Advertiser client of Defendant ADKNOWLEDGE, meaning that BUSINESS.COM contracted with ADKNOWLEDGE to effect the sending of some of the commercial email advertisements at issue.

12. Plaintiffs are informed and believe and thereon allege that Defendants DOES 1-400 ("ADVERTISER DOES 1-400") are also ADKNOWLEDGE's clients – entities who contracted with ADKNOWLEDGE to effect the sending of the commercial email advertisements at issue.

13. Plaintiffs are informed and believe and thereon allege that Defendants DOES 401-800 ("PUBLISHER DOES 401-800") are ADKNOWLEDGE's "publishers" (also known as "affiliates"), and in some cases "sub-publishers," who actually sent the commercial email advertisements at issue.

14. Plaintiffs do not know the true names or legal capacities of the Defendants sued herein as DOES 1 through 1,000, inclusive, and therefore sue these Defendants under such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes and thereon allege that each fictitiously named Defendant is responsible in some manner for the matters alleged herein, and that Plaintiffs' injuries and damages alleged herein were proximately caused by their conduct.

15. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee of the remaining Defendants and was at all times herein acting within the purpose and scope of said agency and/or employment, and with the consent, authorization, omission and ratification of remaining co-defendants and each of them.

//
//
//

## III. JURISDICTION AND VENUE

### A. Jurisdiction is Proper in This Court

16. This Court has jurisdiction over the Action because all Plaintiffs are California residents, the unlawful spams were sent into California and/or sent from California, Defendant ADKNOWLEDGE has business location(s) in California, Defendant BUSINESS.COM's primary place of business is in California, some of the Defendants DOES 1-1,000 are located in California, and the amount in controversy is more than $25,000.

### B. Venue is Proper in This County

17. Venue is proper in San Francisco County because a corporation can be sued where the cause of action arises pursuant to Code of Civil Procedure § 395.5, and some of the spams were received by Plaintiffs living and/or employed in San Francisco County. Additionally, Defendant ADKNOWLEDGE has a business location in San Francisco.

## IV. THE UNLAWFUL SPAMS

18. Each Plaintiff received the spam messages at issue in this Action at his or her "California email address."[1]

19. The emails at issue are "commercial email advertisements"[2] because they advertise goods and services.

20. The emails are "unsolicited commercial email advertisements"[3] because no Plaintiff ever gave any Defendant "direct consent"[4] to send him or her commercial emails, nor did any Plaintiff have a "preexisting or current business relationship"[5] with any Defendant.

---

[1] "'California e-mail address' means 1) An e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address to a mailing address in this state; 2) An e-mail address ordinarily accessed from a computer located in this state; 3) An e-mail address furnished to a resident of this state." Cal. Bus. & Prof. Code § 17529.1(b).

[2] "'Commercial e-mail advertisement' means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." Cal. Bus. & Prof. Code § 17529.1(c).

[3] "'Unsolicited commercial e-mail advertisement' means a commercial e-mail advertisement sent to a recipient who meets both of the following criteria: (1) The recipient has not provided direct consent to receive advertisements from the advertiser. (2) The recipient does not have a preexisting or current business relationship, as defined in subdivision (*l*), with the advertiser

4
**COMPLAINT FOR DAMAGES**

21. Plaintiffs are informed and believe and thereon allege that Defendants BUSINESS.COM and ADVERTISER DOES 1-400 hired Defendant ADKNOWLEDGE to send commercial email advertisements on their behalf.

22. Plaintiffs are informed and believe and thereon allege that Defendant ADKNOWLEDGE in turn hired Defendants PUBLISHER DOES 401-800 to send commercial email advertisements on its behalf.

23. When the recipient of each of the spams at issue clicks the link in the spam, that person's computer launches an Internet browser, which redirects through a PUBLISHER DOE's domain name.

24. The person's Internet browser then automatically redirects through one of ADKNOWLEDGE's domain names, such as *Adknowledge.com* or *BidSystem.com*.

25. In some cases, the person's Internet browser then automatically redirects to and lands at a website owned and operated by Defendant BUSINESS.COM or one of the ADVERTISER DOES 1-400.

26. In other cases, the person's Internet browser automatically redirects to and lands at another page on ADKNOWLEDGE's website.

27. Some or all of the spams advertising websites belonging to ADKNOWLEDGE and/or BUSINESS.COM and/or the ADVERTISER DOES 1-400 may have been sent by the PUBLISHER DOES 401-800. However, ADKNOWLEDGE, BUSINESS.COM, and the ADVERTISER DOES 1-400 are still strictly liable for advertising in unlawful spams sent by

---

promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." Cal. Bus. & Prof. Code § 17529.1(o).

[4] "'Direct consent' means that the recipient has expressly consented to receive e-mail advertisements *from the advertiser*, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative." Cal. Bus. & Prof. Code § 17529.1(d) (emphasis added).

[5] "'Preexisting or current business relationship,' as used in connection with the sending of a commercial e-mail advertisement, means that the recipient has made an inquiry and has provided his or her e-mail address, or has made an application, purchase, or transaction, with or without consideration, regarding products or services offered by the advertiser. []." Cal. Bus. & Prof. Code § 17529.1(*l*).

their agents. *Hypertouch v. ValueClick Inc. et al*, 192 Cal. App. 4th 805, 821, 829-30 (2d Dist. 2011).

### FIRST CAUSE OF ACTION

**[Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5]**
**(By All Plaintiffs Against All Defendants)**

28. Plaintiffs hereby incorporates the foregoing paragraphs as though set forth in full herein.

29. Plaintiffs sue for spams that they received within one year prior to filing this Complaint.

**A. Defendants Violated Cal. Business & Professions Code § 17529.5(a)(2) – Misrepresented Information in From Names**

30. It is unlawful to advertise in spams that contain or are accompanied by falsified, misrepresented, or forged header information. Cal. Bus. & Prof. Code § 17529.5(a)(2).

31. The From Name in an email is supposed to identify who the email is *from*; it is not supposed to be an advertising message.

32. In *Balsam v. Trancos Inc. et al*, the Court of Appeal of the First District affirmed the trial court in all respects, confirming that generic From Names (like the ones at issue) that misrepresent *who* is advertising in the email violate the statute, and awarding $1,000 liquidated damage per spam *except* for the spam with the From Name "eHarmony."

> The emails were sent on behalf of eight different advertisers . . . but only eHarmony was a real company. The rest of the "senders" identified in the headers . . . do not exist or are otherwise misrepresented, namely, Paid Survey, Your Business, Christian Dating, Your Promotion, Bank Wire Transfer Available, Dating Generic, and Join Elite[.] . . . . [T]he "sender" names (or domain names used) *do not represent any real company, and cannot be readily traced back to the true owner/sender.*

203 Cal. App. 4th 1083, 1088, 1093 (1st Dist. 2012) (emphasis in original), *petition for review denied*, 2012 Cal. LEXIS 4979 (Cal. May 23, 2012), *petition for certiori denied*, 2012 U.S. LEXIS 8423 (U.S. Oct. 29, 2012), *petition for rehearing denied*, 2013 U.S. LEXIS 243 (U.S. Jan. 7, 2013).

33. The From Names of the spams at issue were generic terms like those in *Trancos*, and misrepresent *who* is advertising in the spams, constituting material misrepresentations.

### B. Defendants Violated Cal. Business & Professions Code § 17529.5(a)(2) – Misrepresented Information in Doman Name Registrations

34. It is unlawful to advertise in spams that contain or are accompanied by falsified, misrepresented, or forged header information. Cal. Bus. & Prof. Code § 17529.5(a)(2).

35. Some of the spams at issue were sent from domain names that: a) did not identify ADKNOWLEDGE or any of the PUBLISHER DOES 401-800 on their face, and b) were falsely or proxy-registered. As a result, Plaintiffs could not readily trace the sending domain names to ADKNOWLEDGE or to the PUBLISHER DOES 401-800 by querying the Whois database, constituting material misrepresentation and falsity.

> [W]here, as in this case, the commercial e-mailer intentionally uses . . . domain names in its headers that neither disclose the true sender's identity on their face nor permit the recipient to readily identify the sender, . . . such header information *is* deceptive and *does* constitute a falsification or misrepresentation of the sender's identity. . . .
>
> Here, the domain names were *not* traceable to the actual sender. The header information is "falsified" or "misrepresented" because Trancos deliberately created it to prevent the recipient from identifying who actually sent the message. . . . . an e-mail with a made-up *and untraceable* domain name affirmatively *and falsely* represents the sender has no connection to Trancos.
>
> Allowing commercial e-mailers like Trancos to conceal themselves behind untraceable domain names amplifies the likelihood of Internet fraud and abuse-- the very evils for which the Legislature found it necessary to regulate such e-mails when it passed the Anti-spam Law.
>
> We therefore hold, consistent with the trial court's ruling, that header information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that *neither* identifies the actual sender on its face *nor* is readily traceable to the sender using a publicly available online database such as WHOIS.

*Trancos*, 203 Cal. App. 4th at 1097-1101 (emphasis in original).

### C. Plaintiffs Suffered Damages; Recipients of Unlawful Spam Have Standing to Sue Under Cal. Business & Professions Code § 17529.5 and Recover $1,000 Per Spam in Liquidated Damages

36. Plaintiffs suffered damages as a result of Defendants' wrongful conduct, when they received the unlawful spams. *See* Cal. Bus. & Prof. Code § 17529(d), (e), (g), (h).

37. Recipients of unlawful spams have standing to sue. *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(A)(iii). Nothing in the statute requires that a recipient click and purchase the goods or services advertised in the spam in order to have standing.

38. The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per email in violation of the statute. *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

39. For each spam, the ADVERTISER DOE, ADKNOWLEDGE, and the PUBLISHER DOE(S) are jointly and severally liable for damages.

**D. Defendants are Not Entitled to a Reduction in Statutory Damages**

40. Defendants are not entitled to any reduction in liquidated damages because Defendants cannot demonstrate that they have reasonably effective systems in place to prevent the sending of unlawful spam in violation of the statute.

41. Moreover, From Names do not write themselves and domain names do not proxy-register or falsely register themselves; the unlawful elements of these spams are not "clerical errors."

WHEREFORE, PLAINTIFFS pray for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

A. An Order from this Court declaring that Defendants violated California Business & Professions Code § 17529.5 by advertising in and sending unlawful spams.

B. Liquidated damages against Defendants in an amount to be proven at trial, at the rate of $1,000 per spam, as authorized by California Business & Professions Code § 17529.5(b)(1)(B)(ii).

C. Attorneys' fees as authorized by California Business & Professions Code § 17529.5(b)(1)(C) and Code of Civil Procedure § 1021.5 for violations of California Business & Professions Code § 17529.5.

D. Disgorgement of all profits derived from unlawful spams directed to California residents; monies to be turned over to the Unfair Competition Law Fund and used by the California Attorney General to support investigations and prosecutions of California's consumer protection laws.

E. Costs of suit.

F.  Such other and further relief as the Court deems proper.

THE LAW OFFICES OF DANIEL BALSAM

Date:            July 25, 2013                    BY: *Daniel L. Balsam*

DANIEL L. BALSAM
Attorneys for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Daniel L. Balsam (State Bar No. 260423) <br> THE LAW OFFICES OF DANIEL BALSAM <br> 2912 Diamond Street #218 <br> San Francisco, CA 94131 <br> TELEPHONE NO.: 415-869-2873    FAX NO.: 415-869-2873 <br> ATTORNEY FOR (Name): Plaintiffs Shelley Carper et al | FOR COURT USE ONLY <br><br> **FILED** <br> San Francisco County Superior Court <br><br> JUL 25 2013 <br><br> CLERK OF THE COURT <br> DENNIS TOYAMA <br> BY: _____ <br> Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: Carper v. Adknowledge Inc. et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited <br> (Amount  (Amount <br> demanded  demanded is <br> exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CGC-13-533077 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties           d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence                 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 25, 2013
Daniel L. Balsam
(TYPE OR PRINT NAME)                                                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740 <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|