**FILED**

**DEC 08 2016** TM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | UNDER SEAL |
| ) | |
| v. ) | No. **16 CR 793** |
| ) | |
| MICHAEL PERSAUD, ) | Violation: Title 18, United States |
|    also known as "Michael Pearson," ) | Code, Section 1343 |
|    "Michael Prescott," and "Jeff Martinez" ) | |

**JUDGE WOOD**

**MAGISTRATE JUDGE COX**

<u>COUNT ONE</u>

The SPECIAL AUGUST 2015 GRAND JURY charges:

1.  At times material to this indictment:

    a.  Victims A through I were businesses that, for a fee, leased computer network infrastructure, equipment, and services, including computer servers, IP addresses, and bandwidth (*i.e.* the speed for transferring data) and enabled their customers to use their networks remotely.

    b.  When opening an account with Victims A through I, customers were required customers to provide certain registration information, including their name, contact information, and billing information.

    c.  In order to prevent damage to their networks and business reputation, ==Victims A through I required their customers to agree to comply with their acceptable use policies, terms of service agreements, or both==, which described the terms under which customers would be permitted to lease and use the victims' networks.

      d.    In each victim's acceptable use policy and terms of service agreement, customers were prohibited from using the victim's network to send certain types of email referred to as "spam," as defined in the victims' acceptable use policies and terms of service agreements.

      e.    Victims A through I prohibited their customers from using their networks to send spam for a variety of reasons, including the following:

      i.    spam could delay the transmission of email and data of the victims' other customers, and cause system outages;

      ii.    transmitting spam could cause the victims' IP addresses to be "blacklisted" – that is, block the delivery of emails sent from the victims' IP addresses – and thereby disrupt the victims' ability to provide service for their other clients;

      iii.    to avoid the bearing the costs of responding to network outages, spam complaints, blacklistings, and other damages associated with spam.

      f.    In their acceptable use policies and terms of service agreements, some of the victims also prohibited customers from using the victims' networks to send emails that containing falsified email header information, in part or in whole.

      g.    Customers who did not agree to the acceptable use policies and terms of service agreements were not permitted to lease and use the victims' networks.

h.  Defendant MICHAEL PERSAUD, using Impact Media, LLC, engaged in the business of sending spam on behalf of sellers of various goods and services. Defendant earned commissions for the sales generated by the spam.

2.  Beginning no later than April 2012, and continuing until at least 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, devised, intended to devise, and participated in a scheme to defraud Victims A through I, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

3.  It was part of the scheme that defendant MICHAEL PERSAUD made materially false and fraudulent representations and promises to obtain access to and use of the victims' networks for the purpose of sending spam for profit and emails that used domains (*i.e.* the names of web sites) registered in false names. As a result of his scheme, defendant fraudulently obtained access to at least nine victims' networks, sent well over a million spam emails to recipients in the United States and abroad, and caused damage to the victims and their networks.

4.  It was further part of the scheme that defendant MICHAEL PERSAUD falsely and fraudulently represented to Victims A through I that (i) he would not use their networks to send spam and (ii) he intended to comply with the victims' acceptable use policies and terms of service agreements. In fact, as defendant knew at the time he falsely agreed to each victims' acceptable use policy and terms of

3

service agreement, he intended to use, and cause to be used, the victims' networks to send spam and emails using domains registered in false names.

5. It was further part of the scheme that defendant MICHAEL PERSAUD employed aliases, such as "Michael Pearson," "Michael Alexander Pearson, "Michael Prescott," and "Jeff Martinez" to fraudulently obtain and attempt to obtain access to the victims' networks, and to send spam over the victims' networks, including the following:

  a. After Victim A terminated defendant's lease and denied him access to its network for spamming on or about May 24, 2012, defendant used the alias "Michael Pearson" to fraudulently obtain access to Victim A's network on or about March 8, 2013;

  b. After Victim A terminated defendant's account in the name of "Michael Pearson" on or about March 25, 2013, defendant used the alias "Michael Prescott" to fraudulently obtain access to Victim A's network on or about May 24, 2013;

  c. On or about February 13, 2013, defendant used the alias "Michael Pearson" when he falsely represented to Victim F that he agreed to the terms of Victim F's acceptable use policy and terms of service agreement, and fraudulently obtained access to its network;

  d. On or about July 30, 2013, defendant fraudulently used the alias "Michael Pearson" when attempting to lease use of Victim B's network;

4

  e. On or about May 13, 2013, defendant fraudulently used the alias "Michael Prescott" when he falsely agreed to the terms of Victim F's acceptable use policy and terms of service agreement, and fraudulently obtained access to Victim F's network; and

  f. Defendant registered internet domains, such as cafoyaxcowles.pw, cminndaildada.info, hedanzmtc.info and waegrepdmso.net, using the name "Jeff Martinez," and used them to send spam over the network of Victim F.

  6. In was further part of the scheme that, in some instances, defendant MICHAEL PERSAUD provided false forms of identification and payment to victims in support of his alias identities, such as a California state driver's license that falsely listed his name as "Michael Alexander Pearson," and a copy of a debit card that falsely listed his name as "Michael A. Pearson."

  7. It was further part of the scheme that defendant MICHAEL PERSAUD used and caused to be used multiple domains registered in false names to create false and fraudulent "From Address" fields in spam and emails sent over the victims' networks to conceal his identity.

  8. It was further part of the scheme that, in order to avoid spam filters (*i.e.* computer programs designed to identify and block spam) defendant MICHAEL PERSAUD transmitted spam from victims' networks using multiple IP addresses and domains, a technique known as "snowshoe spamming."

  9. It was further part of the scheme that, when confronted by victims about spam complaints, defendant MICHAEL PERSAUD falsely and fraudulently

5

represented that he only sent "solicited" spam. In fact, defendant knew that he had sent spam to honeypot email addresses (*i.e.* decoy email addresses set up to identify spam), multiple recipients of his spam had complained that it was unsolicited, multiple internet service providers had identified defendant's emails as spam, and he had engaged in the unauthorized transfer and sale of millions of email addresses for the purpose of sending spam.

10.  It was further part of the scheme that defendant MICHAEL PERSAUD misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

11.  On or about November 5, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email transmitted through a server located in Chicago, Illinois, from Victim B to defendant PERSAUD, identifying the server and IP addresses leased by PERSAUD;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about November 6, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate electronic signal representing a $116.40 transaction on defendant PERSAUD's debit card, which funds represented a payment to Victim B;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT THREE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about December 6, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate electronic signal representing a $194 transaction on defendant PERSAUD's debit card, which funds represented a payment to Victim B;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about February 14, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email transmitted through a server located in Chicago, Illinois, from Victim F to defendant PERSAUD, using the alias "Michael Pearson," identifying the server and IP addresses leased by PERSAUD;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about February 14, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate electronic signal representing a $169 transaction on defendant PERSAUD's debit card, which funds represented a payment to Victim F;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about February 15, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a spam email transmitted through Victim F's server located in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

11

## COUNT SEVEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about May 14, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**MICHAEL PERSAUD,**
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email transmitted through a server located in Chicago, Illinois, from Victim F to defendant PERSAUD, using the alias "Michael Prescott," identifying the server and IP addresses leased by PERSAUD;

In violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about May 14, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**MICHAEL PERSAUD,**
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate electronic signal representing a $169 transaction on defendant PERSAUD's debit card, which funds represented a payment to Victim F;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about May 17, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a spam email transmitted through Victim F's server located in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about August 2, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL PERSAUD,
also known as "Michael Pearson,"
"Michael Prescott," and "Jeff Martinez,"

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email transmitted through a server located in Chicago, Illinois, from defendant PERSAUD, using the alias "Michael Pearson," to Victim B for the purpose of ordering a server;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2015 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

   a. a personal money judgment; and

   b. the following specific property:

      i. a MacBook Air computer, serial number C0ZH60GCDRQ4;

      ii. a Dell Studio XPS computer, serial number 21F1851;

      iii. an iMac computer, serial number D25N601YFLHH; and

      iv. a Dell Studio XPS computer, serial number GR6YDK1.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY