UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543-CMA-SKC

JOSHUA LAPIN,

                Plaintiff,

v.

FLEX MARKETING GROUP, LLC,
AMERICAN AUTO SHIELD LLC,
NRRM LLC d/b/a CARSHIELD,
JOHN DOE SENDER,

                Defendants.

**DEFENDANT NRRM LLC d/b/a CARSHIELD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NRRM LLC d/b/a CarShield ("CarShield") moves to dismiss the complaint of Joshua Lapin.

**INTRODUCTION**

The Complaint asserts a single claim against CarShield and others for a supposed violation of South Dakota's anti-spam act (SDCL § 37-24-47). The Complaint fails because – as established by the motions to dismiss of defendants Flex Marketing Group ("Flex") and American Auto Shield ("AAS") – Colorado law applies to Lapin's anti-spam claim and Colorado does not recognize a private right of action for the email spamming alleged here. Indeed, such a law would violate the public policy of Colorado.

**STATEMENT OF PLAINTIFF'S ALLEGATIONS**

CarShield markets and promotes vehicle service contracts ("VSCs"). Compl. ¶¶ 3, 4.

CarShield sells VSCs "under the brand CarShield." *Id.* ¶ 3.

To market VSCs, CarShield uses third parties to contact consumers that have "previously expressed interest in products or services" offered by CarShield. Compl. Exs. A & B. Third parties that CarShield uses to market VSCs include Defendant John Doe Sender. Compl. ¶ 6. Defendant Flex "initiates" or sends email advertisements, though Lapin does not allege a specific marketing relationship between Flex and CarShield. Compl. ¶ 7.

Lapin is a "digital nomad" and in a "different country every 30 days." Compl. ¶¶ 2, 39. He is a South Dakota resident based on a postal box and a few government issued documents; he does not dwell in South Dakota. *Id*.

In 2021, Lapin alleges that he received 57 emails that "offer CarShield's Vehicle Service Contracts[.]" *Id.* ¶¶ 1, 9, 37. John Doe Sender sent 23 of these emails and Flex sent or initiated 34 of the emails. *Id.* ¶ 37. The Exhibits to the Complaint consist of many of the 57 emails. Each exhibit identifies CarShield specifically and the vehicle services it promotes. Compl. Exs. A & B.

**ARGUMENT**

I.  **THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE COLORADO LAW APPLIES AND COLORADO DOES NOT RECOGNIZE A PRIVATE RIGHT OF ACTION FOR THE CONDUCT ALLEGED**

CarShield joins Flex's motion to dismiss, Section II C-D (*see* Doc. No. 20) and AAS's motion to dismiss, "Argument" Sections I and III (*see* Doc. No. 28). Flex and AAS properly summarize and apply the law regarding choice of law. Their respective motions cumulatively demonstrate this Court should find that Lapin does not have a private right of action to pursue his anti-spam claim. *Id.*

Such a finding also would be equitable. Lapin claims CarShield is liable, not based on any act it took, but because it supposedly is "strictly liable" for the actions defendants Flex and John Doe Sender purportedly took when transmitting email advertisements to Lapin that unambiguously identified CarShield as the advertising party. Compl. ¶ 37; Compl. Exs. A & B. CarShield was not attempting to mislead Lapin. Rather, CarShield was, as the Complaint acknowledges, seeking to promote its offerings to an individual that CarShield understood had "previously expressed interest in [CarShield's] products or services." Compl. Exs. A & B.

## CONCLUSION

For the reasons above and because amendment would be futile,[1] the Complaint should be dismissed with prejudice.

Dated:  August 1, 2022      Respectfully Submitted,


By:  s/*Jeffrey H. Kass*
Jeffrey H. Kass
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Jeffrey.Kass@lewisbrisbois.com
Tel.:   303.861.7760
Fax:   303.861.7767

*Attorneys for Defendant
American Auto Shield, LLC*

---

[1] When amendment of a complaint would be futile, the complaint should be dismissed with prejudice. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). Futility reigns here because Lapin does not have the right to pursue an anti-spam claim in Colorado.

## CERTIFICATE OF SERVICE

I certify that on August 1, 2022, I presented the foregoing DEFENDANT NRRM LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) to the Clerk of the Court for filing and uploading to the CM/ECF system, which action caused automatic electronic notification of the filing to be served upon the following:

Charles Gibson
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-4558
gibson@wtotrial.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

Derek Alan Newman
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Tel.:   206-274-2800
ecf@newmanlaw.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

Craig Ruvel May
Wheeler Trigg O'Donnell LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-1800
Fax:   303-244-1879
may@wtotrial.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

I further certify that on August 3, 2022, the foregoing DEFENDANT NRRM LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) was served electronically (via email) upon the following:

Joshua Lapin
401 East 8th Street, Suite 214
PMB 7452
Sioux Falls, SD 57103
Tel.:   714-654-8886
Fax:   307-655-1269
thehebrewhammerjosh@gmail.com

*Pro Se Plaintiff*

                                              s/*Jeffrey H. Kass*
                                              of LEWIS BRISBOIS BISGAARD & SMITH LLP