Joshua Lapin, Pro Se Plaintiff

401 E 8th ST
STE 214 PMB 7452
Sioux Falls SD 57103

Email: thehebrewhammerjosh@gmail.com

Facsimile: (605) 305-3464

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO - DENVER**

| | |
|---|---|
| Joshua Lapin | Case No.: 1:22-cv-01543-CMA-SKC |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE FOR LEAVE TO AMEND** |
| Flex Marketing Group, LLC | |
| American Auto Shield LLC | |
| Nrrm LLC dba CarShield | |
| John Doe Sender | |
| Defendants | |

# INTRODUCTION

After fulfilling the meet and confer requirements of Local Rule 7.1, Plaintiff accepts this courts much-appreciated opportunity (Dkt. 27) to re-file his motion to remand (Dkt. 9), and incorporates new arguments and developments since *Id.*

# ARGUMENT

**AMOUNT IN CONTROVERSY IS $57,000 , NOT  $100,000**

While Flex and Lapin now agree that the "amount in controversy" relating to the allegations in the

1  original complaint is $57,000, a new unresolvable dispute has arisen as to whether spams which
2  were part of the same "national in nature" email marketing campaign (Dkt. 20, Decl of Michael
3  Held), which "advertise" Colorado Christian University ("CCU") MUST be joined in this matter.
4  Plaintiff admits the CCU spams would add $43,000 in statutory liquidated damages to the claim,
5  and raise the amount in controversy with Flex-specifically to $77,000+ reasonable fees and costs.
6  Defendants are anticipated to argue in their response to the instant motion that Plaintiff's "failure" to
7  add in the CCU-spams, and therefore the CCU-defendant, violates the Claim-Splitting Doctrine and
8  that plaintiff should be "forced" to amend the original complaint to sue CCU in this action as well.
9  As Plaintiff has been disallowed from replying to Defendants anticipated response
10 to the instant motion without leave of the court (Dkt. 27), Plaintiff promotes judicial efficiency and
11 reduces needless motion practice by incorporating his answer to the anticipated response herein.[1]

**The NRRM/AAS/FLEX SPAM'S ARE MATERIALLY DISTINCT FROM THE CCU/FLEX SPAMS**

In the spams complained of in the original complaint, Flex Marketing Group is alleged to have sent, or 'initiat[ed]' spams which advertised and joint effort of NRRM / AAS.  Once recipients were "directed" to Missouri-based NRRM's website(s) Carshield.com or carshieldprotection.com, they were going to be 'pitched and sold'  In-forum defendant AAS's Vehicle Service Contract.  Please see sample policy (Exhibit A).  AAS is the 'focal point' of Flex and Carshield's efforts.  Further, nearly half of the spams were sent by a still-unveiled mystery John Doe Sender.  In summary, Flex and John Doe Sender are the alleged ("Initiators"), and AAS/NRRM are the alleged ("advertisers"). In contrast, New York based Flex is the sole-initiator and CCU is the sole-advertiser of the CCU spams, and to the best of Plaintiff's knowledge, there is no "John Doe mystery spammer" involved in those.  The cause of action deems the Flex/CCU spams to be a seperate 'incident' from the Flex/NRRM/CCU spams:

SDCL 37-24-41:   "Incident," a single transmission or delivery to a single recipient or to multiple recipients of an unsolicited commercial e- mail advertisement containing substantially similar

---

[1] Plaintiff reserves all rights to petition the court of leave to reply to the Defendants forthcoming response to the Instant Motion, but will be reluctant to do so unless the response contains unanticipated "earth shattering" information.

content;"

Further, the definitions of "advertiser" "initiate" and "unsolicited commercial e-mail advertisement," all from SDCL 37-24-41, are all identical to, or predicated upon, the identity of the initiator or the advertiser.  The Flex /CCU/NRRM spams have a different initiator for nearly half the spams than the Flex/NRRM/AAS spams, and an entirely a different advertiser.  These are truly distinct claims.  While leaving open the possibility that these these two matters *could* be joined, they arise from a different [enough of a] nexus of operative facts such that Plaintiff actions do not violate the claim-splitting doctrine.

**NEWMAN DU WORS LLP'S 'DIVERSITY JURISDICTION CIRCUS'**

Plaintiff has not been particularly quiet in expressing his unhappiness with Newman Du Wors LLP alleged abuses of diversity jurisdiction directed towards plaintiff's spam cases in jurisdictions around the country.  Regretfully [to complete the metaphor], the circus's latest act is even more a spectacle than the previous ones.  To recap, they removed my case *Lapin V Apptness Media Group* on a non-existent federal question [Exhibit A of Dkt 22], a federal question which they already knew the answer to [Exhibit B] (that plaintiff's claims are NOT preempted by the CAN-SPAM Act of 2003) , then they removed the instant matter in the absence of the requirements of diversity jurisdiction (as best described in the since-striken [Dkt 9], and recently they filed a Declaratory Judgment action against Plaintiff in the Southern District of New York, requesting *allegedly impossible* relief[2], and attempting to consolidate cases into the Southern District of New York...that the Southern District of New York has already admitted it cannot hear on the basis of diversity in plaintiff's own SDNY spam case[3] "Plaintiff's allegations that he doesn't know the citizenship of defendants but that it is "unlikely" that they are citizens of South Dakota are also insufficient.  The allegations of the complaint thus do not Demonstrate that the Court has subject matter jurisdiction of this action." *Lapin v. Doe*, 22-CV-4144 (LTS) (S.D.N.Y. May 27, 2022).

Flex, represented by Newman Du Wors LLP, is anticipated to respond to the instant motion with a

---

[2]Flex Marketing Group is attempting to long-arm Lapin into the SDNY, consolidate State and Federal cases nationwide into the SDNY, for spams that were sent from-and-to outside of New York, involving many Advertisers with no connection with New York.  Perhaps "Due Process" is an old-fashioned value. This action will likely be short-lived.
[3]The cases Flex wishes to consolidate into the SDNY, including this one, include John Doe defendants.

legally frivolous claim that the *materially distinct* Flex/CCU spams must be joined with the instant matter, and that the then-combined case *would* then meet the requirements of diversity jurisdiction. Your honor should consider Plaintiff's well-supported allegations of Newman Du Wors LLP's long pattern of abuse of jurisdiction of the Federal Courts towards Plaintiff's claims, and view their far-fetched 'claim splitting doctrine' claim through that light.  The simple truth is that the requirements of diversity have not been met, and remand is the only viable option.

**Even If 'Claim Splitting Doctrine Applies,' In-Forum Defendant Rule Bars Removal**

While it is true that Flex/NRRM/AAS managed to 'snap remove,' this matter prior to any of the in-forum defendants being joined and served, the removal was never proper as the amount in controversy was $57,000, not $171,000 as they initially thought through a horrifically-flawed reading of Plaintiff's prayer for relief, which would have been insufficient for the purposes of diversity <u>even if</u> the complaint contained the prayer they interpret it to have.

Therefore, even if the claim splitting doctrine applies, plaintiff reserves the right to 'join and serve' an in-forum defendant in state court prior to their attempted 'snap removal.'  Plaintiff should not be robbed of this right simply because this matter currently sits in the Federal Court improperly.  Accordingly, the case should be remanded regardless, and this court could order Plaintiff to amend the complaint (post-removal) to include the CCU spams, which would afford plaintiff the right to bar snap removal by quickly serving an in-forum defendant.  Please note, Your Honor, that Plaintiff is not gaming removal by expeditiously serving an in-forum defendant, rather it is the Defendants' snap removals which indicate gamesmanship.

**Legal Standard**

In Hartsel Springs Ranch v. Bluegreen Corp., 296 F.3d 982 (10th Cir. 2002), the court found that claim splitting did not apply because "MEC's and HSR's [two seperate corporate defendants] separate property holdings preclude them from being viewed as having identical interests." and "The district court was correct in noting that the claims in both cases arise from a single wrong committed by Bluegreen...What the district court failed to recognize, however, is that MEC's interests were not "presented and protected" by HSR in the first lawsuit….MEC's and HSR's

separate property holdings preclude them from being viewed as having identical interests." *Id* As applied to the instant matter, NRRM / AAS advertised one product in spams sent by Flex, and CCU advertised a different product in spams sent by Flex.  CCU has materially different and distinct interests than NRRM / AAS.  Flex is analogous to Bluegreen because it is the one defendant involved in both matters, and in the cited case in the 10th circuit court of appeals, the parallel cases against Bluegreen were found to have been NOT an example of improper case-splitting because HSR and MEC had separate interests.  "MEC's and HSR's separate property holdings preclude them from being viewed as having identical interests." *Id.* To overcome these findings, the court would need to find that NRRM/AAS, on one hand, and CCU, on the other had inseparable interests, even though one is offering a vehicle service contract and one is offering a university degree; this task is impossible.

In Hernandez v. Asset Acceptance, LLC, 970 F. Supp. 2d 1194 (D. Colo. 2013), this court found that plaintiff's FDCPA claims were barred by claim-splitting and *res judicata* since the same plaintiff filed the same suit against the <u>same debt collection company</u> for failing to report that she was disputing a debt to <u>the same credit reporting agency</u> (Experian).

"In [plaintiff's new case] Ms. Hernandez claims that the Defendant, a debt collection agency, violated the Fair Debt Collection Practice Act (FDCPA),  15 U.S.C. § 1692e(2)(A), e(8), e(10), and § 1692f, when it failed to communicate to Experian, a credit reporting agency that she disputed a debt she had incurred." *Id* "In [plaintiff's previous case], Ms. Hernandez claimed that in June 2011, the Defendant violated the FDCPA by failing to report the Xcel Energy account [to Experian] as disputed between May 5, 2011 and July 1, 2011." *Id.*

This is Distinguishable from the instant matter, Flex advertises NRRM/AAS and their products in one set of spams, and CCU and its products in another set of spams.  This is not analogous to suing Defendant for its failure to report to Experian mulitple times...in multiple suits, but is much more comparable to suing Defendant for its failure to report to Experian AND to TransUnion.

See also, "the test for claim splitting is not whether there is finality of judgment, but whether the

first suit, assuming it were final, would preclude the second suit." Crocs, Inc. v. Effervescent, Inc., Civil Action No. 06-cv-00605-PAB-KMT (D. Colo. Sep. 25, 2017), quoting from Katz, 655 F.3d at 1218." As applied to the instant matter, final judgment on the NRRM/AAS claims would NOT preclude the second suit because an entirely separate and independent cause of action exists for the FLEX/CCU spams, regardless of final judgment on the Flex/NRRM/AAS spams, especially since nearly half of the NRRM/AAS spams are not alleged to involve Flex, rather John Doe Sender. Judgment on the former would not preclude judgment on the latter.  In applying this very test from *Katz,* "A second suit is precluded by a prior final judgment on the merits if two conditions are satisfied: "identity of parties or privies in the two suits" and "identity of the cause of action in both suits." Gabriel v. Melton Truck Lines, No. 22-5008 (10th Cir. Apr. 29, 2022), quoting from Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017). ""Suits involve the same claim (or cause of  action) when they arise from the same transaction or involve a common nucleus of operative facts." Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc., 140 S.Ct. 1589, 1595 (2020)" *Gabriel* as cited above, quoting from *Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc., 140 S.Ct. 1589, 1595 (2020).* In the instant matter, the Flex/NRRM/AAS/Doe spams operate out of a different nucleus of operative facts from the Flex/CCU spams because, *inter alia,* the "Advertiser," is different, the spams are completely different and advertise very different products, and are considered different "incidents" under the cause of action, as explained earlier.

**Visual Aid of The Materially Distinct Spams:**

**Carshield SPAM**

**Subject**: CarShield Free Quote
**From**: CarShieldUSA <contact@entirelybelieve.com>
**To**: ketosoup97@gmail.com
**Date Sent**: Saturday, June 19, 2021 6:42:51 AM GMT+03:00
**Date Received**: Saturday, June 19, 2021 6:51:41 AM GMT+03:00



  

**Flexible Pricing**
Your monthly cost is based on the year, make, model and mileage of your vehicle. Prices start as low as $99 per month.

**Reliable Protection**
Drive with more peace-of-mind, knowing your vehicle and budget are protected from the unexpected.

**Easy Startup**
Call us with your Vehicle Identification Number (VIN) and current mileage to get your quote. Coverage starts 20 days after you sign up.

Disclaimer: Deductible may apply. See Contract for Rental Car eligibility. **CarShield is an independent nationwide company marketing vehicle service contracts administered by American Auto Shield,** 1597 Cole Blvd #200, Lakewood CO, 80401; FLORIDA License number: W111454. Parts of like kind and quality may be used including remanufactured parts. Coverage not available in California.

Please Opt-out here to opt out of future e-mailings
333 Mid Rivers Mall Drive, St. Peters, MO 63376

CarShield operates only in the United States.

**Colorado Christian University SPAM**

**Subject**: Info Enclosed: Colorado Christian University
**From**: Flexible Degree Programs <info@jobsharknl.com>
**To**: ketosoup97@gmail.com
**Date Sent**: Wednesday, July 7, 2021 3:05:39 PM GMT+03:00
**Date Received**: Wednesday, July 7, 2021 3:05:42 PM GMT+03:00



## Conclusion

The amount in controversy of this complaint is $57,000, and the claim-splitting doctrine does NOT apply.  Even if it does apply, this matter should be remanded with leave to amend to add in the CCU spams, so that Plaintiff can exercise his opportunity to serve an in-forum defendant promptly.

## CERTIFICATE OF CONFERENCE

Plaintiff invited all Defendants' counsel to meet and confer in accordance to D.C.COLO.LCivR 7.1(a) by email.  Plaintiff, Jason Sykes (on behalf of Flex) and Jeffrey Kass (on behalf of NRRM/AAS) joined a Zoom Conference to discuss the instant motion.  Mr. Sykes and Plaintiff had at least one followup call, and the parties tried (but failed) to stipulated remand.

## Certificate of Service

This motion will be served through CM/ECF to all Defendants' counsel, and by email as stipulated.

/s/ Joshua A. Lapin
Joshua A Lapin
Pro Se Plaintiff 8/05/22
_____

    Signature