IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER WAGNER,

    Plaintiff,

  v.

SPIRE VISION, *et al.*,

    Defendants.

No. C 13-04952 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND VACATING HEARING**

## INTRODUCTION

In this action for statutory damages, plaintiff moves for a determination as to whether federal law preempts plaintiff's state-law claim. For the reasons stated below, plaintiff's motion for partial summary judgment is **GRANTED**.

## STATEMENT

The sole issue for resolution in this motion for partial summary judgement is whether plaintiff's state-law claim is preempted by federal law.

On October 25, 2012, plaintiff sued defendants and their advertising clients in the Superior Court of California, County of Sonoma. Plaintiff alleged that he received 49 spam e-mails, all containing "materially falsified, misrepresented, and/or forged information" in violated California's anti-spam law. Cal. Bus. & Prof. Code 17529.5. Defendants allegedly:

> register[ed] its domain names used to send spams to unregistered fictitious business names claiming their addresses to be boxes at commercial mail receiving agencies so as to be untraceable back to the actual SPIRE VISION companies. Other senders register[ed] the

> domain names to false companies and/or proxy-register their domain names so that a spam recipient cannot readily trace the information provided by a Whois query to the actual sender. The unlawful elements of these spams represent[ed] willful acts of *falsity and deception*, rather than clerical errors.

(Compl. ¶ 5) (emphasis added).

Defendants filed their answer to the complaint, listing as an affirmative defense preemption under the federal CAN-SPAM Act of 2003. 15 U.S.C. 7701, *et seq*. Defendants argued that the CAN-SPAM Act preempts plaintiff's claims "because they do not sound in tort" (Second Amd. Ans. No. 1).

Plaintiff now moves for summary judgment of a purely legal question: whether state law claims that do not allege every element of common law fraud (*i.e.*, including proving reliance and damages) are preempted under the federal CAN-SPAM Act. This order follows full briefing and oral argument.

## ANALYSIS

The CAN-SPAM Act contains a preemption provision which provides as follows:

> (1) in general. This chapter supersedes any statute, regulation, or rule of State . . . that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits *falsity or deception* in any portion of a commercial electronic mail message or information attached thereto.
>
> (2) State law not specific to electronic mail. This chapter shall not be construed to preempt the applicability of:
>
>   (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
>
>   (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. 7707(b)(1), (2) (emphasis added). Thus, the CAN-SPAM Act preempts any state statutes that regulate the use of e-mail for commercial messages, unless the statute is limited to "falsity or deception" in commercial e-mails.

California's Section 17529.5 is a statute prohibiting the distribution of any e-mail advertisement that "contains falsified, misrepresented, or forged header information" or "has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under

2

the circumstances, about a material fact regarding the contents or subject matter of the message." Cal. Bus. & Prof. Code 17529.5(a)(2), (3).

The crux of the dispute is whether the phrase "falsity or deception" as used in the CAN-SPAM Act requires a showing of all the elements of common law fraud: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; (5) and resulting damage. *See Lazar v. Super Ct.*, 12 Cal. 4th 631, 638 (1996).

The undersigned judge as already ruled upon this point of law in a prior decision. *See Asis Internet Services v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935 (N.D. Cal. 2009). That decision held, "Section 17529.5 does not . . . purport to require reliance or actual damages." *Id*. at 941. Here, plaintiff moves to reaffirm this proposition. Defendants, on the other hand, argue that all five elements of a fraud claim must be met in order for a state anti-spam law to survive preemption (Opp. 1). Therefore, the basic question which must be answered is whether plaintiff must plead reliance and damages in order for its claim to avoid being preempted under the CAN-SPAM Act.

To date, only two circuit court decisions have interpreted the CAN-SPAM Act's preemptive clause. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009); *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006). Both are distinguishable in that they did not decide this precise legal issue.

In *Omega*, the plaintiff claimed that the defendant had violated the CAN-SPAM Act and Oklahoma law when it sent emails containing technical inaccuracies in the header information and failed to stop sending e-mails to recipients who had opted out. *Omega*, 469 F.3d at 352. Interpreting the phrase "falsity or deception," the Fourth Circuit determined that "'deception' requires more than bare error, . . . while 'falsity' . . . can convey an element of tortiousness or wrongfulness." *Id*. at 354. Ultimately, the Fourth Circuit concluded that the phrase referred to "traditional tortious conduct." *Ibid*. It found that Oklahoma's statute was "not limited to inaccuracies in transmission information that were material" and held that plaintiff's state law claim was preempted because it was one for immaterial errors. *Id*. at 353.

3

In the Ninth Circuit decision *Gordon*, our court of appeals came to the same conclusion. *Gordon* considered a claim for relief under a Washington state anti-spam law. Our court of appeals affirmed summary judgment against a plaintiff who sought to hold the defendants liable for sending messages that did not clearly display the identity of the sender. The court concluded that plaintiff's evidence demonstrated that defendants sent messages that contained, "at best, incomplete or less than comprehensive information regarding the sender." *Gordon*, 575 F.3d at 1064. While such activity may have violated the Washington state statute, it did not amount to "falsity or deception" under the CAN-SPAM Act because "[t]here is of course nothing inherently deceptive in [defendant's] use of fanciful domain names." *Id.* at 1063. The plaintiff's "alleged header deficiencies relate to, at most, non-deceptive statements or omissions." *Id*. at 1064. The panel concluded that "[s]uch technical allegations . . . find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause." *Ibid*. In sum, our court of appeals held that any statute requiring that an advertiser's "name expressly appear in the 'front lines'" of an email is preempted under the CAN-SPAM Act because it is not based on "traditional tort theories." *Ibid*.

Neither the Fourth Circuit nor our circuit's decisions resolve the question of whether a plaintiff can only plead "falsity or deception" by pleading all the elements of common law fraud, or whether the CAN-SPAM Act spared Section 17529.5 plaintiffs from pleading reliance and damages.

The great weight of district court and state court decisions have agreed that a showing of reliance and damages is not necessary. For example, in *Hoang v. Reunion.com, Inc*., No. 08-3518, 2010 U.S. Dist. LEXIS 34466, at *15–22, Judge Chesney stated:

> . . . *Gordon* did not address the issue presented herein, specifically, whether a plaintiff alleging the receipt of a commercial e-mail containing a materially false or misleading statement must, in order to avoid preemption, additionally allege he relied to his detriment on such statement. The legislative history identified in *Gordon*, however, suggests such additional showing is not required.
>
>          \*         \*         \*
>
> Accordingly, the Court finds plaintiffs' allegation that each plaintiff received from defendant one or more commercial e-mails containing "false and deceptive" statements . . . is sufficient at the pleading stage

4

1   to support each such plaintiff's standing to bring a claim under
    [Section] 17529.5(a).  To the extent the Court found otherwise in its
2   Order of December 23, 2008, the order will be vacated.

3   In *Asis Internet Services v. SubscriberBase, Inc.*, No. 09-3503, 2009 U.S. Dist. LEXIS

4   33645, at *34–35 (N.D. Cal. Dec. 4, 2009), Judge Conti held:

5   The explicit language of the preemption clause betrays no intention by
    Congress to limit state regulation to the simple codification of
6   common law fraud in its purest form.  Both the preemption clause
    itself and the relevant legislative history suggest that Congress
7   intended to allow states to regulate more than simple fraud.  The
    relevant authorities, including [*Gordon*], refer disjunctively to "falsity
8   or deception" and "fraudulent or deceptive . . . subject lines."
    15 U.S.C. § 7707(b)(1); S. Rep. No. 108–102, at 21; [*Gordon*], 575
9   F.3d at 1061–63.  The term "deception" would be redundant (if not
    misleading) if Congress meant to limit state regulation solely to
10  common law fraud.  *See Consumerbargaingiveaways*, 622 F. Supp. 2d
    at 942 ("Congress, however, is certainly familiar with the word 'fraud'
11  and choose not to use it; the words 'falsity or deception' suggest
    broader application.").  This language supports a broad reading of the
12  exemption within the savings clause, which this Court is obliged to
    credit because express preemption statutory provisions should be
13  given narrow interpretation.

14  Three weeks after the *SubscriberBase* decision, Judge Chen came to the same conclusion in

15  *Asis Internet Services v. Member Source Media LLC*, No. 08-1321, 2010 U.S. Dist. LEXIS 47865,

16  at *9–11 (N.D. Cal. Apr. 20, 2010).  Judge Chen found:

17  . . . the Court agrees with the holding in *Subscriberbase* and finds that
    [plaintiff] need not plead reliance and damages in order for its claim to
18  be excepted from preemption.  To be sure, the Court is mindful of
    Congress' concern regarding frivolous lawsuits and the scope of
19  plaintiffs allowed to bring suit against e-mail advertisers.  In a
    concurring opinion to *Gordon*, Judge Gould emphasized that
20  "Congress did not aim to provide a remedy to anyone or any entity
    who sought out a position where the alleged harm might inevitably
21  occur . . . for a person seeking to operate a litigation factory."
    *Gordon*, 575 F.3d at 1068.  Nevertheless, that concern of Congress
22  does not warrant preemption under the express provision at issue here
    because the substantive behavior saved from preemption and
23  proscribable by the states under *Gordon* is commensurate with the
    proscriptions under the CAN-SPAM Act.  Only those e-mails which
24  have materially deceptive or misleading subject lines or header
    information are actionable.  *See id.* at 1063.  *Gordon*'s interpretation
25  ensures "'one national standard' applicable across jurisdictions and
    prevents legitimate businesses from being subjected to "inconsistent
26  and possibly incompatible state regulations."  *Id.*  This assurance of
    uniformity of substantive regulation is not upset by allowing variation
27  in laws governing who may bring suit.  Moreover, the risk of
    distorting the behavior of legitimate business as a result of any chilling
28  effect resulting from broader standing under California law is
    mitigated by the requirement that to be saved from preemption acts of

**United States District Court**
For the Northern District of California

5

> falsity or deception in e-mail advertisements must be material and intended to deceive or likely to deceive. *Gordon*, 575 F.3d at 1062. Because "express preemption statutory provisions should be given narrow interpretation," *id*. at 1060, the Court concludes reliance and damages need not be demonstrated to save a lawsuit from preemption.

This order agrees with the reasoning set out in these post-*Gordon* decisions, as well as, the undersigned judge's previous decision in *Consumerbargaingiveaways*. As plaintiff has presented this motion for partial summary judgment as strictly a determination of law, and not of the facts, this order makes no determination as to whether plaintiff has a valid claim under California's Section 17529.5.

Defendants argue that these district court decisions misinterpret *Gordon* and that "Congress has preempted all claims under state commercial email laws except for traditional tort theories based on common law fraud" (Opp. 1). Defendants contend that plaintiff cannot prove fraud because "there was no material misrepresentation, no reliance, and no harm" (*ibid*). Defendants cite *Davidson Design & Dev., Inc., v. Riley*, No. 11-2970, 2012 WL 4051189, at *4–5 (N.D. Cal. Sept. 13, 2012) (Judge Phyllis Hamilton), in which the district court granted defendants' motion to dismiss because plaintiff's "counter-claims [did] not sound in tort, and thus are preempted." What defendants fail to acknowledge is that in a later decision in that same case, Judge Hamilton wrote:

> . . . the court agrees with [plaintiff] that *Gordon* does not necessarily limit the exception to fraud claims . . . . the court agrees with and adopts the reasoning set forth in two post-*Gordon* district court cases, both of which held that reliance and damages need not be demonstrated to save a lawsuit from preemption.

*Davidson Design & Dev., Inc.*, (Dkt. No. 217) (granting motion for summary judgment) (internal citation omitted).

In addition, defendants argue that a determination of this motion for partial summary judgment is improper because ". . . Plaintiff has not set forth undisputed material facts demonstrating entitlement to summary judgment," and "Defendants do not have the burden of coming forward with evidence demonstrating the existence of material facts" (Opp. 4). With regard to defendants' burden, they are correct. Plaintiff's motion was merely for a determination of law, with no factual determinations necessary. Therefore, plaintiff has not proven his claims to be meritorious under Section 17529.5. Defendants' argument that a purely legal issue cannot be

6

decided through a motion for summary judgment, however, is incorrect.  Summary Judgement is proper precisely when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FRCP 56(a).  For the purposes of summary judgment, this order assumed only that plaintiff could state a claim under Section 17529.5.  For a court to make assumptions of fact in order to make determinations of law is not improper.  *See Chadha v. INS*, 634 F.2d 408 (9th Cir. 1980), *aff'd*, 462 U.S. 919 (1983) (stating courts may "adjudicate disputes in which legal or factual matters are conceded").  It bears repeating that defendants were the ones to raise the affirmative defense of preemption in their answer to the complaint (Second Amd. Ans. No. 1).  Defendants retain their ability to challenge any factual assumption this order is based upon in a later motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion for partial summary judgment is **GRANTED**.  The hearing set for March 6, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7