UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

    Plaintiff,

  v.

AMERICAN AUTO SHIELD, LLC, et al.,

    Defendants.

**DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO SECOND MOTION TO REMAND**

### INTRODUCTION

Plaintiff Joshua Lapin admits that he eventually intends to bring allegations in this case against Flex Marketing Group, LLC which will increase the total amount in controversy to $77,000. The new allegations will be part of the same claim for relief alleged in his original complaint. Given this, the amount in controversy between Flex and Mr. Lapin exceeds the $75,000 statutory threshold for diversity jurisdiction and the Court should deny the motion to remand.

### BACKGROUND

Mr. Lapin filed this action in the District Court of the First Judicial District, in and for Jefferson County, Colorado. (Dkt. 1 at Ex. 1-1.) He alleges a single claim for relief against all defendants for violating South Dakota's law regulating advertising in email. His complaint seeks a $1,000 per email statutory damage, and prays for joint-and-several liability against all defendants for amounts totaling $171,000. (*Id*. at ¶37.) On June 21, before service of any party, Flex Marketing, with the consent of American Auto

1

Shield LLC, and NRRM, LLC, removed the action to this Court based on 28 U.S.C. §§ 1332(a) and 1442(a)(2). (Dkt. 1.) Two days later, Mr. Lapin filed a Motion to Remand arguing that he only ever intended to seek a total of $57,000 in this case and that, as such, the Court lacked subject-matter jurisdiction. (Dkt. 9.) The Court struck Mr. Lapin's motion because he failed to comply with local rules requiring parties to meet and confer before resorting to motions practice. But it gave him leave to refile the motion after a proper conference. (Dkt. 27.)

Honoring the Court's instructions, the parties met and conferred over Zoom videoconference on August 2, 2022. (*See* Declaration of Jason Sykes filed concurrently herewith (Sykes Decl.) at ¶ 3.)  Mr. Lapin restated his position that, regardless of the language used in his prayer for relief, he only intended to seek $57,000 in this matter. He pointed to his Affidavit Declaration in Support of the Amount of Controversy (Dkt. 22- 1) as resolving that issue. So, in an attempt to minimize unnecessary motions practice, Flex prepared a draft stipulation where Defendants agreed to remand the case and Mr. Lapin agreed to cap the amount in controversy at $57,000. (Sykes Decl. ¶ 4, Ex. A.)

But after reviewing the stipulation, Mr. Lapin requested that the language about capped damages be struck and replaced with language that would allow him to increase the amount in controversy following remand. (Sykes Decl. ¶ 5, Ex. B at p 2.) Mr. Lapin told Flex that he believed there were 43 additional emails that Flex had allegedly sent on behalf of Colorado Christian University ("CCU"), increasing damages by $43,000. He stated that these emails violated South Dakota's email law in the same manner as the emails mentioned in the Complaint and provided Flex with a copy of a demand letter sent to CCU. (Sykes Decl. ¶ 6, Ex. B at p. 2-3; *see also* Ex. C (the demand letter).) Mr. Lapin further informed Flex that he intended to amend his complaint after remand to

seek an additional $43,000 statutory damages for those emails from Flex. (Sykes Decl. ¶ 7, Ex. B at pp. 2-3.)

Based on this new information, Flex told Mr. Lapin that remand was no longer appropriate because there was at least $77,000 directly at issue between them, all arising under the claim for relief alleged in the Complaint. (Sykes Decl. ¶ 7, Ex. B at pp. 2-3.) Flex offered to work with Mr. Lapin to permit him to file an amended complaint to plead-in CCU and increase his damages sought under his single claim for relief, but Mr. Lapin declined and instead filed this motion. (Sykes Decl. ¶ 7.)

## ARGUMENT

**A.   The Court should deny the renewed motion to remand because a preponderance of the evidence shows that there is more than $75,000 in dispute between Flex and Lapin.**

Flex removed this matter on the basis of diversity jurisdiction as provided under 28 U.S.C. § 1332. (*See* Dkt. 1.) Mr. Lapin asserts that the case must be remanded because he contends only $57,000 is at issue which fails to satisfy the statutory threshold of $75,000 set by 28 U.S.C. § 1332(a). Accordingly, the Court must determine, by a preponderance of evidence, the actual amount at stake between the parties. *See* 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) (holding that when, as here, a plaintiff challenges a defendant's assertion of the amount in controversy, both sides submit proof to the Court which decides whether the statutory threshold is met).

The Tenth Circuit recognized the unique difficulty that a removing defendant faces in establishing the amount-in-controversy requirement. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-54 (10th Cir. 2008). So it provided several ways to do so, including calculating the amount based on the types of damage alleged, admissions by the plaintiff, by reference to the plaintiff's own informal estimates or settlement demands,

3

etc. *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). Judge Arguello has cited to and applied *Dart Cherokee* and *McPhail*. *See Ellsworth v. Home Depot USA Inc.*, No. 21-CV-00884-CMA-STV, 2021 WL 2134357 (D. Colo. May 26, 2021).

When necessary, the district court may delay its decision pending completion of limited jurisdictional discovery about the amount in controversy. *See McPhail*, 529 F.3d at 954.

Here, Mr. Lapin's only offer of proof is his affidavit relating to his prior motion to remand, stating that he never intended to seek more than $57,000 total. While that may have been true at one point, he has since admitted that he intends to seek an additional $43,000 of damages from Flex under the same statute and theory as he pleaded in the Complaint.

The evidence that the amount in controversy exceeds $75,000 embraces all the forms of proof recognized by the Tenth Circuit and Judge Arguello:

- Mr. Lapin's rejection of the proffered stipulation on the basis that he intended to amend his complaint after remand to seek an additional $43,000 relating to emails advertising CCU under his single claim for relief against Flex. (*See* Sykes Decl. at ¶ 6, Ex. B.)
- Mr. Lapin's own motion concedes that the 43 CCU emails would add $43,000 in statutory damages to his claim against Flex, bringing the total in dispute between them to $77,000. (See Second Motion to Remand at 2:4-5.)
- A review of the statute at issue confirms that plaintiffs can recover up to $1,000 per email, and Lapin alleges Flex sent him 77 emails in violation of the statute. *See* South Dakota Codified Laws § 37-24-48.

4

Flex has satisfied the preponderance-of-evidence standard set forth by statute. *See* 28 U.S.C. § 1446(c)(2). If the Court disagrees, Flex respectfully requests the opportunity to conduct limited jurisdictional discovery on the amount in controversy. *See McPhail* 529 F.3d at 954; *see also* 28 U.S.C. 1446(c)(3)(A) (providing that where a case is not removable solely because the amount in controversy does not exceed the statutory threshold, then the Court can consider information relating to the amount in controversy in responses to discovery).

**B.     Mr. Lapin's argument about claim splitting is a red herring.**

Mr. Lapin's motion raises an alternative argument that is irrelevant to resolving the question of remand. He contends that his failure to include the CCU emails in his Complaint does not amount to claim-splitting. Flex raised the issue with Mr. Lapin in response to his assertion that, rather than amend the current complaint he might instead file a separate lawsuit against Flex and CCU. (See Sykes Decl., Ex. B at pp. 2-3.) This course of action would constitute impermissible claim splitting under the common law as recognized by the Restatement (Second) of Judgments § 24. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *see also Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions…)

Mr. Lapin's argument to the contrary asserts that because the CCU emails advertise CCU while the NRRM/AAS emails advertise Car Shield, they are separate matters. But Mr. Lapin's position fails to acknowledge the most important fact: he alleges that Flex sent all the emails, falling under his claim for relief in this case for violation of the South Dakota statute. (*Compare* Sykes Decl. Ex. C ("Demand Letter") at pp. 2-4 *with* Complaint (Dkt. No. 1-1) at, *inter alia*, ¶¶ 26-32.) Thus, bringing separate

suits against Flex would violate the common law requirement for "a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature and are able to be maintained*." *Stone*, 453 F.3d at 1278 (emphasis original).

In any event, the issue is irrelevant as Mr. Lapin's motion does not state that he intends to file a separate lawsuit against Flex with respect to the CCU emails. To the contrary, he suggests that "this court could order Plaintiff to amend the complaint (post-removal) to include the CCU spams" with an eye toward permitting him to then remain in state court despite the increase in his damages sought. But nothing in 28 U.S.C. § 1446(c)(2) nor the cases interpreting it suggests the Court could grant Mr. Lapin's request.

## CONCLUSION

The evidence establishes at least $77,000 at issue between Mr. Lapin and Flex alone, all of which arises from Flex's alleged violation of the South Dakota statute as pleaded in the Complaint. This amount exceeds the $75,000 jurisdictional minimum. The Court should deny the renewed motion to remand.

s/ Derek A. Newman
**Derek A. Newman**
Newman Du Wors LLP
2101 Fourth Ave., Suite 150
Seattle, WA 98121
Telephone: (206) 274.2800
Fax: (206) 274-2801
Email: dn@newmanlaw.com
Attorney for Defendant
Flex Marketing Group LLC

*Craig R. May*
*Charles W. Gibson*
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244.1800
Fax: (303) 244.1879
Email: may@wtotrial.com, gibson@wtotrial.com
Attorneys for Defendant
Flex Marketing Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of August, 2022, served the foregoing DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO SECOND MOTION TO REMAND via the method described below:

Joshua Lapin
401 E. 8th St.
STE 214, PMB 7452
Sioux Falls, SD 57103
via Email: thehebrewhammerjosh@gmail.com

*Pro se* Plaintiff

Jeffrey H. Kass
Lewis Brisbois Bisgaard & Smith
1700 Lincoln Street, Suite 4000
Denver, CO 80203
via the Court's CM/ECF system

Counsel for Defendant
NRRM LLC d/b/a CarShield,
and American Auto Shield, LLC

s/ Erika Cueva
Erika Cueva