UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543

JOSHUA LAPIN,

    Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC;
NRRM, LLC d/b/a CARSHIELD;
FLEX MARKETING GROUP, LLC;
JOHN DOE SENDER,

    Defendants.

**DECLARATION OF JASON SYKES IN SUPPORT OF DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO SECOND MOTION TO REMAND**

I, Jason Sykes, having personal knowledge of the matters asserted herein, do hereby declare as follows:

1. I am over the age of eighteen, competent to testify to the matters set forth in this declaration, and I make this declaration from personal knowledge unless otherwise specified.

2. I am an attorney with Newman Du Wors LLP representing Flex Marketing Group, LLC in this matter.

3. In connection with my work on this matter, on August 2, 2022, I met and conferred via a Zoom videoconference with Plaintiff Josh Lapin (proceeding pro se) and counsel for Defendants American Auto Shield, LLC and NRRM, LLC. During our conference, we discussed Mr. Lapin's intention to renew his motion to remand this

1

matter to state court. Mr. Lapin asserted that he only ever intended to collect $57,000 plus reasonable fees and costs in this matter and pointed to his affidavit on file with the Court (Dkt. 22-2) as proof that the amount in controversy failed to exceed the statutory threshold for diversity jurisdiction.

4. Following that conference, I prepared and distributed to all parties a draft joint stipulation wherein the Defendants would agree to remand the matter to state court in exchange for a binding representation and warranty from Mr. Lapin that the maximum amount he intended to collect was $57,000 plus reasonable fees and costs. A true and correct copy of the draft stipulation is attached to my declaration as Exhibit A.

5. Mr. Lapin responded to the draft stipulation with several proposed edits, one of which would allow him to increase the amount of damages sought if "additional UCE's not complained of in the original complaint are added in amended complaint(s)." I called Mr. Lapin to discuss his proposed edits.

6. During our phone call, Mr. Lapin disclosed that he believed Flex to be the sender of 43 additional unsolicited commercial emails advertising Colorado Christian University. Mr. Lapin also disclosed that he believed the emails violated the same South Dakota law in the same ways as the violation alleged in his current Complaint and provided a demand letter outlining the same. Mr. Lapin also indicated that he intended to amend the Complaint to seek statutory damages for those emails and add CCU as a defendant post-remand.

7. I told Mr. Lapin that adding those 43 additional emails to the 34 emails the Complaint already alleged Flex sent meant that there was $77,000 at issue between Mr.

Lapin and Flex—e.g., $1,000 in statutory damages per email. Based on this, I told him that Flex could no longer agree to remand the matter because the amount-in-controversy threshold for diversity jurisdiction was satisfied. I also told him Flex would be willing to cooperate on leave to file an amended complaint in this matter adding in the emails and CCU. Mr. Lapin indicated that he would perhaps sue Flex and CCU over the 43 emails in a separate action rather than amending his complaint. I told him that I believed that would be improper and promised to provide him authority on the same, which I later did via email discussing the common law bar on claim splitting.

8. A true and correct copy of an email exchange memorializing our discussion of these points is attached as Exhibit B to this declaration. Certain portions have been circled for the Court's convenience.

9. A true and correct copy of a portion of the demand letter to Colorado Christian University is attached as Exhibit C to this declaration. The demand letter in its entirety is 97 pages but 92 of those pages are copies of the emails Mr. Lapin complains of. Because they are not relevant to the determination of this motion, I have omitted those 92 pages from Exhibit C, but if the Court wishes I can provide it with an unabridged copy of the full letter.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

   Executed this 12th day of August, 2022.

                                        s/ Jason Sykes
                                        _____
                                        Jason Sykes

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of August, 2022, served the foregoing DECLARATION OF JASON SYKES IN SUPPORT OF DEFENDANT FLEX MARKETING GROUP, LLC'S RESPONSE TO SECOND MOTION TO REMAND via the method described below:

    Joshua Lapin
    401 E. 8th St.
    STE 214, PMB 7452
    Sioux Falls, SD 57103
    via Email: thehebrewhammerjosh@gmail.com

        *Pro se* Plaintiff

    Jeffrey H. Kass
    Lewis Brisbois Bisgaard & Smith
    1700 Lincoln Street, Suite 4000
    Denver, CO 80203
    via the Court's CM/ECF system

        Counsel for Defendant
        NRRM LLC d/b/a CarShield,
        and American Auto Shield, LLC

                s/ Erika Cueva
                Erika Cueva