# Exhibit B

| | |
|---|---|
| **From:** | Jason Sykes |
| **Sent:** | Wednesday, August 3, 2022 8:43 PM |
| **To:** | Joshua Lapin |
| **Cc:** | Erika Cueva; Derek A. Newman; Kass, Jeffrey; Wood, Christopher; May, Craig; Gibson, Charles; Drotzmann, Jared; Derek Linke |
| **Subject:** | RE: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand |

Josh,

Thank you for the reply.

Taking each of your points in turn:

First, I think we agree on this much: you currently believe that Flex is the sender of the Colorado Christian University-related emails. I apologize for any misstatement in my email below regarding the timing of when you formed that belief. We can discuss further and you can clear that up for me if you wish.

As to your second point, we continue to disagree about the propriety of the removal. Setting that disagreement aside, the cases I cited are referring to a common-law doctrine that is not unique to the 10th Circuit or federal law. In fact, the quotation from *Stone* that I included cites directly to the Restatement (Second) of Judgments § 24 (addressing claim preclusion principles concerning splitting claims). Generally, Restatements attempt to capture "black letter" law—i.e., points on which there is a broad consensus across jurisdictions. So, while I do not know whether there is a Colorado state court case directly on point, it would surprise me if Colorado departed from the common-law principle reflected in the Restatement. In any event, because the case is in federal court, the Tenth Circuit cases are binding.

I appreciate that you are willing to consider the proposal I outlined below and I am happy to discuss further at a mutually convenient time.

Thanks and best,

Jason

Jason Sykes
Newman|Du Wors
2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121
jason@newmanlaw.com
206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)
www.newmanlaw.com
**Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.**

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Wednesday, August 3, 2022 7:39 PM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Erika Cueva <erika@newmanlaw.com>; Derek A. Newman <dn@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek

Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Jason et al,

Thank you too for your time on the phone.

Before I respond, I would like to reiterate that all parties have fulfilled their meet-and-confer obligations regarding remand.

**"During our phone call, you told me that, subsequent to sending the demand letter, you determined that both of the alleged senders were Flex Marketing."** This is false, although I believe it is a good-faith error on your part. At the time of sending the aforementioned demand to Colorado Christian University ("CCU"), I did not know of Flex's identity at the time. Further, the moment I learned of Flex's identity I stopped referring to them as Doe immediately thereafter. Accordingly I warrant that all documents in which Flex is referred to as [one or more] Doe's...such documents exists prior to my knowing of Flex's existence. Please note that "John doe Sender" in the Dist of Colorado matter is NOT Flex Marketing Group.

**"But this would constitute impermissible claim-splitting under Tenth Circuit law"** This is a circular argument predicated on you[ 're law firm's] nicotine-or-knuckle-cracking-like habit of abusing diversity jurisdiction. The only reason 10th circuit [case]law would bind Plaintiff would be because of the presence of this suit before the District of Colorado, and this suit is only before the District of Colorado because of you['re] law firm's botched snap removal of a case which was initially filed in state court. Do you have a Colorado state-[case]law equivelant of *Katz?*

I'm not *necessarily* disagreeable to *all* of what you're saying, but the above is important.

-Joshua Lapin


On Wed, Aug 3, 2022 at 9:08 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Josh,
>
> Thank you again for your proposed edits and for your time on the phone earlier today to talk them over.
>
> You had proposed, among other changes, the following edit (your addition highlighted):
>
>> Plaintiff expressly represents and warrants that the maximum amount he intends to collect in this matter is $57,000 plus the reasonable fees and costs associated with filing and maintaining this action; unless additional UCE's not complained of in the original complaint are added in amended complaint(s)
>
> In discussing this edit, you disclosed that you believe you have a claim for 43 additional unsolicited commercial emails. You provided a courtesy copy of a demand letter detailing that claim for me to review (attached). The emails described in that letter allegedly advertise a third party, Colorado Christian University, and were sent by two John Does. During

our phone call, you told me that, subsequent to sending the demand letter, you determined that both of the alleged senders were Flex Marketing.

Given this new information, Flex does not think remand is appropriate or warranted. It is now clear that the true amount in controversy exceeds the $75,000 statutory threshold. Adding these 43 emails to the 57 already at issue in this case, there are 110 emails total, and you contend that each email entitles you to $1,000 of statutory damages. Accordingly, there is $110,000 at issue. Even if you isolated only those emails allegedly involving Flex, there would still be $77,000 at issue—based on the 43 emails referenced in this demand letter and the 34 you allege Flex is responsible for sending in the complaint.

You mentioned during our call that you might instead file a separate suit against Colorado Christian University. But this would constitute impermissible claim-splitting under Tenth Circuit law. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *see also Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions… Critically, that doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature* and are able to be maintained.)

Given this, Flex believes that the most efficient path forward is for you to move to amend your complaint to plead-in Colorado Christian University. While this will moot Flex's pending motion to dismiss, Flex will not oppose your motion and may even stipulate to it. Assuming that the Court grants leave to amend, Flex will then refile its motion to dismiss.

I am happy to discuss this further with you if you would like. I have a doctor's appointment tomorrow at 12p Pacific time but am free before or after, just please let me know what time works best for you.

Thank you,

Jason

Newman
DuWors

Jason Sykes

Newman|Du Wors

2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121

jason@newmanlaw.com

206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)

www.newmanlaw.com

Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Wednesday, August 3, 2022 10:37 AM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Erika Cueva <erika@newmanlaw.com>; Derek A. Newman <dn@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Hi Jason and others,

Yes I'm free to discuss. Call or text at (714) 654-8886, and feel free to do so... I'm not Craig Cunningham .

On Wed, Aug 3, 2022, 11:29 AM Jason Sykes <Jason@newmanlaw.com> wrote:

> Hi Josh,
>
> Thanks for your suggested edits are you available to discuss briefly? If so, what is a good time and number to reach you at?
>
> Many thanks,
>
> Jason
>
> Jason Sykes
>
> Newman|Du Wors
>
> 2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121
>
> jason@newmanlaw.com

206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)

www.newmanlaw.com

**Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.**

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Tuesday, August 2, 2022 5:48 PM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Erika Cueva <erika@newmanlaw.com>; Derek A. Newman <dn@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Thanks Jason,

Please See Attached Proposed Revisions highlighted in yellow.

While I look forward to resolving this "without motions practice," we met and confered today and fulfilled the requirements of 7.1.  If we are unable to stipulated remand by the new deadline,

 I will file the 2nd motion to remand to preserve the opportunity to do so.

-Joshua Lapin

On Tue, Aug 2, 2022 at 8:20 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
>
> Thank you for speaking with me and Mr. Kass earlier today.
>
> As promised, a revised stipulation is attached for your consideration. As we discussed, it is similar to what we sent you earlier in this litigation but has been updated to reflect the procedural history of the case. I also tweaked the

final paragraph to make it more clear that the stipulation is without prejudice to any party's ability to raise any claim/defense post-remand.

During our call today, you proposed that we stipulate that the case be remanded but that the Court retain jurisdiction to hear a potential claim by you that the "Initiator Defendants"—by which I understood you to mean my client, Flex Marketing—had removed the case frivolously and that this was part of a larger pattern of conduct of abusing diversity jurisdiction. Of course, Flex strongly disagrees with your characterization and assessment. Even setting aside our disagreement though, what you are suggesting is impossible. As I shared on the call, if a case is remanded for lack of subject matter jurisdiction then it is remanded in its entirety. So, if the parties stipulate to remand on that basis—which is what we're contemplating here—then the entire case will be returned to state court. And, to the best of my knowledge, there is no basis in law by which the remanding court could retain jurisdiction over any part of it. Given the above, we respectfully decline to stipulate to your request.

Instead, I encourage you to fully and fairly consider the attached stipulation which remands the case to your preferred venue, preserves all parties' rights to raise claims and defenses post-remand, and spares the Court and the parties the expense of unnecessary motions practice.

Please let me know if you have any questions or wish to discuss further.

Thanks and best,

Jason

Jason Sykes

Newman|Du Wors

2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121

jason@newmanlaw.com

206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)

www.newmanlaw.com

**Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.**

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Tuesday, August 2, 2022 1:06 PM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Erika Cueva <erika@newmanlaw.com>; Derek A. Newman <dn@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

Hello,

Thank you for the meeting today. I look forward to the revision of the stipulated remand, and seeing if it's possible to avoid motion work altogether.

Please send it by tomorrow morning to allow time for revisions.

-Joshua Lapin

On Mon, Aug 1, 2022, 4:24 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Thank you, @Erika will circulate zoom/calendar invite shortly.
>
> Best,
>
> Jason
>
> Jason Sykes
>
> Newman|Du Wors
>
> 2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121
>
> jason@newmanlaw.com
>
> 206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)

www.newmanlaw.com

**Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.**

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Monday, August 1, 2022 1:14 PM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand

1pm Tuesday works, since that still allows 3 days.

All are invited.

On Mon, Aug 1, 2022, 3:38 PM Jason Sykes <Jason@newmanlaw.com> wrote:

> Mr. Lapin,
>
> Thank you for reaching out. We believe the Court was very clear regarding the necessity of a proper meet-and-confer before refiling the motion. (*See* Dkt. 27.) As such, we respectfully request the opportunity to comply with the Court's order. At that conference, we can discuss whether a stipulation along the lines we previously proposed might make more sense than refiling.
>
> Does 1p Eastern time on Tuesday work for you? If not, please propose an alternate time.
>
> Many thanks,
>
> Jason

Jason Sykes

Newman|Du Wors

2101 Fourth Avenue | Suite 1500 | Seattle, Washington 98121

jason@newmanlaw.com

206.274.2837 (direct) | 206.274.2800 (office) | 206.274.2801 (fax)

www.newmanlaw.com

**Email may be privileged and confidential—if you are not the intended recipient, please notify sender of receipt and then destroy this email and any attachments thereto.**

---

**From:** Joshua Lapin <thehebrewhammerjosh@gmail.com>
**Sent:** Monday, August 1, 2022 8:20 AM
**To:** Jason Sykes <Jason@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Erika Cueva <erika@newmanlaw.com>; Kass, Jeffrey <Jeffrey.Kass@lewisbrisbois.com>; Wood, Christopher <Christopher.Wood@lewisbrisbois.com>; May, Craig <may@wtotrial.com>; Gibson, Charles <Gibson@wtotrial.com>; Drotzmann, Jared <Drotzmann@wtotrial.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Lapin v. AAS, LLC et. al. -- potential stipulation re: remand


Mr. Sykes, Mr. Newman, Mr. Kass, and others:


Sorry to message twice in a row.  Aside from the response to Flex's motion to dismiss, and the biblical metaphor accompanying *supra*,

you are likely aware that my motion to remand was stricken.  Congratulations on your victory.  Accordingly, I intend to re-file it soon.

While we have discussed the concept of remand/remain in great detail, I am required to meet and confer prior to re-filing. and I don't have

 a whole lot of time.


You are all in receipt of my declaration of the amount in controversy.

Do any of you have any objections to remand, or have any remaining concerns pertaining to remand?  There isn't time

to get on a phone call or zoom call, so please advise over email so that we can get this done.

-Joshua Lapin

On Mon, Aug 1, 2022 at 11:12 AM Joshua Lapin <thehebrewhammerjosh@gmail.com> wrote:

Mr. Sykes, Mr. Newman, Mr. Kass, and others:

Please See Attached [as Google Drive Links] response to Flex's Motion to Dismiss (and exhibits), which was just filed.

*"King Saul thought Goliath was too big to fight. David thought he was too big to miss" Samuel 16:14*

Exhibit A.pdf

Exhibit B.pdf

Exhibit C.pdf

Exhibit D.pdf

Exhibit E.pdf

Exhibit F.pdf

Exhibit G.pdf

Exhibit H.pdf