Joshua Lapin, Pro Se Plaintiff

401 E 8th ST
STE 214 PMB 7452
Sioux Falls SD 57103

Email: thehebrewhammerjosh@gmail.com

Facsimile: (605) 305-3464

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO - DENVER

| | |
|---|---|
| Joshua Lapin | Case No.: 1:22-cv-01543-CMA-SKC |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS AMERICAN AUTO SHIELD, LLC'S AND NRRM, LLC d/b/a CARSHIELD'S MOTION FOR EXTENSION OF TIME TO FILE REPLIES IN SUPPORT OF THEIR [28] AND [31] MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| Flex Marketing Group, LLC | |
| American Auto Shield LLC | |
| Nrrm LLC dba CarShield | |
| John Doe Sender | |
| Defendants | |

## **INTRODUCTION**

Jeffrey Kass continues to demonstrate his lack of organization and preparedness, and considering

1

MOTION

1
2
3
4

the applicable history that he has managed to already establish in this 3.5 month old case, his new motion for yet another extension of time should be denied, or alternatively reduced to three days along with a strong warning, against more of the same, issued by this court.

5

## ARGUMENT AND RESPONSES

6

**Jeffrey Kass Was Previously Granted a Time Extension –For A Situation He Caused**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Jeffrey Kass is the only Colorado (State not Federal) Licensed attorney on this case, and accordingly it was technically him, NOT Newman Du Wors, who removed this suit to Federal Court.  As best described in Plaintiff's pending 2nd Motion to Remand (Dkt. 33) and his since-striken First Motion To Remand (Dkt. 9).  In Dkt's 9 and 33, Plaintiff explains in great detail why removal was never proper, and Plaintiff looks forward on the courts ruling on the same.  Jeffrey Kass then moved for an extension of time to file his first pleading (Dkt. 14), due to uncertainties caused by the circumstances of a removal (which never should have occured).  This court was kind enough to grand him the extension (Dkt. 16).  This was merely a month and a half ago, and Kass took no action to prevent more of the same.  Further, he moved for this first time extension (Dkt. 14) only hours after emailing Plaintiff, asking if he would be willing to stipulate to the extension. Plaintiff had inadequate time to respond "Yes" or "No", and Kass had already filed (Dkt. 14) later that day, while claiming that the mere email the morning of constituted a "meet and confer" in his certificate of conference.  This occurred very shortly thereafter Kass *successfully* moved to strike plaintiff's first motion to remand for failing to meet and confer.  Plaintiff pointed out this double-standard hypocrisy (Dkt. 22), and the same continues in the instant motion, reinforcing his building pattern.

23
24
25

**Plaintiff replied to all three Defendant's 12(B)(2) -(6) Motions In Time-AFTER Defendant's Wouldn't Stipulate To a Time Extension Without "Strings Attached," AND While Under Pressure**

26
27
28

On July 18th, Plaintiff emailed all counsel requesting a stipulation for more time responding to all these motions to dismiss.  Mr. Kass did not respond to that email.  Mr. Sykes however, via Zoom,

explained to Plaintiff that based on his experience, "needing more time" would likely be an inadequate reason for a judge to consider granting a time extension.  Sykes offered to sipulate a time extension only if Plaintiff would agree to other conditions which Plaintiff proudly did not agree to.

Plaintiff has come to realize that Mr. Sykes is correct, and Mr. Kass shall be held to the same standard: going on a leisure vacation and failing to plan accordingly is no valid reason for a time extension.  To the contrary, it is an admission of his failure to plan accordingly to response his his OWN motions to dismiss, and only after chosing not to reply to Plaintiff's email stipulating a time extension. Kass emailed Plaintiff this morning with "lots of nerve" requesting a time extension after his leisure vacation, continuing his well-documented double standard and hypocrisy.  However, plaintiff did reply, almost immediately to his email, stating he would not stipulate to an extension "considering the history," but made clear that he appreciated Mr. Kass's effort to confer with me regarding the same, and that Plaintiff acknowleges that this suffices as a meet and confer, so that Mr. Kass could feel comfortable moving forward with the instant motion, which he did almost-immediately-thereafter.  Within a short time period of each other, all three defendants (two represented by Jeffrey Kass) filed complex motions to dismiss this case.  Armed with no law degree and only a CaseText subscription that he had just purchased (LexisNexis too expensive for me), Plaintiff tirelessly, working weeks on end, responded to all three motions to dismiss.  The deadlines cooincided with Plaintiff's two-week visit with his elderly and unwell grandparents in South Jersey, whom he helped to take care of.  Plaintiff spent less time with them, and more time committed to fighting for the survival of this lawsuit.  As he researched and wrote his responses from his grandparents basement, he would "pause" the research from time to time when his grandparents would call him, so that he could help them and care for them.

**Mr. Kass filed the 12(B)(2)-(6) Motions To Dismiss – And Then Went on Vacation**

Kass wrote these motions to dismiss for which he claims to need more time to reply.  No one forced him to take this pre-planned vacation at this time, nor to file those motions to dismiss at the time that he did.  Kass could have, but didn't, hand-over his responsibilities and obligations to another attorney at Lewis Brisbois Bisgaard & Smith LLP, a luxury the pro-se plaintiff does not have, and once again requests more time for a situation he caused, and directly resulting from his failure to

adequately attend to his client...and the associated deadlines that Kass is all-to-familiar of, as an actual Colorado-licensed attorney (as opposed to the Plaintiff who lives out of three suitcases, has a CaseText account, and is doing his absolute best against much-better-qualified opposition.)

**If this court GRANTS the instant motion, IT should be reduced AND with a STARK warning**

If this court is inclined to grant Mr. Kass this motion, this court should note in its order that Mr. Kass has already been granted a time extension for a Kass-created situation, and it should note that Kass's "vacation" excuse is inadequate and embarassing.  If granted at all, this court should allow Mr. Kass only three extra days, not 7/8 more days, and issue a warning to Mr. Kass for his continued poor planning and continued "rule for thee but not for me" conduct.

**Conclusion**

For the 2nd time in a row, Mr. Kass moves for a time extension for a situation he caused and/or due to poor planing, and with inadequate cause to be granted the same.  He also showed Plaintiff no mercy when he attempted to stipulate a similar time extension, resulting in Plaintiff working "overtime" while caring for his elderly grandparents for two weeks.  This court showed Kass mercy once by granting him an extension, but should realize that this courts gratuity has been abused.  It should deny this request for a time extension, or alternatively grant a three-day time extension along with a strong warning against his continued untimeliness and pattern of double-standards.

───────────

**Certificate Of Service**

This response will be served onto Defendants' counsel through CM/ECF, as well as by email as stipulated.

/s/ Joshua A. Lapin  
Joshua A Lapin  
Pro Se Plaintiff 8/22/22

──────────────────────

Signature