IN IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543-CMA-SKC

JOSHUA LAPIN,

        Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC,
NRRM, LLC d/b/a CARSHIELD,
FLEX MARKETING GROUP, LLC,
JOHN DOE SENDER,

        Defendants.

**DEFENDANT AMERICAN AUTO SHIELD, LLC'S REPLY IN SUPPORT OF ITS [28] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant American Auto Shield, LLC ("AAS") submits its Reply in support of its [28] Motion to Dismiss pursuant to Rule 12(b)(6) as follows:

### I.    INTRODUCTION

There are two issues raised in Plaintiff's Response to AAS' Motion to Dismiss that need further discussion.

First, whether the Complaint adequately alleges that AAS is considered an advertiser after being referenced in the emails sent to Plaintiff.

Second, and most importantly, whether Colorado can even apply a South Dakota law where it violates Colorado public policy and is solely at issue based off of a P.O. Box that serves as Plaintiff's sham for residency.

Taking the first issue, a closer look at the Complaint shows that Plaintiff only alleged in conclusory fashion that AAS is an advertiser. Viewing the ads attached to the Complaint (and

therefore deemed part of the Complaint), none of the ads came from AAS. This is akin to someone receiving an email from Best Buy advertising Sony products. It is clear from those type of ads that Best Buy is the advertiser and that it sells Sony branded products. Sony is therefore not the advertiser or sender of the ads and cannot be liable for any issues stemming from the solicitation. Here, a separate entity, Defendant CarShield, is clearly the advertiser on the face of the emails. Plaintiff's conclusory allegations to the contrary do not fix this fact.

Second, Plaintiff contends that Colorado courts should apply South Dakota law. Colorado public policy does not recognize the same type of email spam law that South Dakota has, making this a true conflict of law. Just like California courts do not enforce non-competes from other jurisdictions due to its failure to recognize them,[1] Colorado courts should not enforce laws that violate its public policy on how it confronts an issue. To be sure, Colorado has spoken on its email policy by employing other ways to address misleading advertisements in emails. Colorado, like 47 other states, specifically does not allow the floodgates of litigation for email spam like South Dakota does.

Plaintiff's only contact with South Dakota stems from a P.O. Box that is used to maintain the illusion of residency. Based on this, Plaintiff does not have significant contacts to use South Dakota law. Indeed, Plaintiff's own LinkedIn says he lives in Colorado. *See* **Exhibit A**. For this reason, Colorado public policy should preclude a Colorado court from applying the South Dakota email spam law.

---

[1] *AOL, Inc. v. Sup. Ct.* (2001) 90 Cal.App. 4th 1, 12 (California courts will not defer to another state's law when it violates the public policy of California; "A court should not defer to the New Jersey forum when doing so would result in the application of law that is contrary to public policy.").

## II.    ARGUMENT

**A.    Plaintiff's Complaint and the actual emails he attached to Complaint clearly show that the emails were from Defendant CarShield, not AAS.**

The Complaint fails to make a cognizable claim that AAS was an advertiser due to the attachments. These attachments were incorporated by reference into the Complaint and now comprise some of the allegations. The emails in question clearly display CarShield as the sending party and proponent of a service or product. As such, the Complaint shows on its face that CarShield is the advertiser, as contemplated by South Dakota's statute.

"Conclusory allegations in the complaint…are not entitled to the assumption of truth." After dispensing with conclusory allegations, it is then appropriate to consider "the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Johnson v. Brettmann*, 2020 Colo. Dist. LEXIS 4740, *7, citing *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)) (internal quotation marks omitted)).

Here, the factual allegations produced via the documents directly contradict the conclusory assertions of AAS' culpability. They show CarShield as the advertiser. Taking the factual allegations as true and the conclusory allegations as irrelevant, Plaintiff fails to allege AAS is an advertiser. This clash leaves Plaintiff with an inability to sustain a claim, as the key element of AAS being an advertiser necessarily fails. Based on this, Plaintiff's Complaint should be dismissed.

**B.    Colorado public policy precludes application of South Dakota's anti-email spam law**

In Colorado, the Spam Reduction Act of 2008 sets forth the legislature's "intent" regarding

spam "is to exercise state authority in a manner consistent with, and to the maximum extent permissible …." C.R.S. § 6-1-702.5(6)(c). The consistency mandate is key, as the application of South Dakota's spam law would be inconsistent with Colorado's current authority. Colorado requires the person engaging in a deceptive trade practice to "knowingly" do so, which would change the character of this suit and potentially the parties involved. *Id*. at (2). Though Plaintiff argues Colorado favors strict liability in products liability cases, the same clearly does not apply to spam email provisions based on the controlling statute. If South Dakota residents were free to bring private claims in Colorado and bring their own law along for the ride, that would clash with Colorado's legislative intent and violate public policy by imposing strict liability where none would otherwise exist. This is inconsistency at its core.

Specifically, the Spam Reduction Act of 2008 explicitly states that "[t]his section shall apply when a commercial electronic mail message is sent to a computer located in Colorado". C.R.S. § 6-1-702.5(4)(h). Though Plaintiff attempts to argue his "residency" of South Dakota via P.O. Box, he and his computer/email capable phone could have been in Colorado. Therefore, to enforce a South Dakota statute would actually violate a Colorado provision of law. Asking courts to ignore their own laws in favor of a forum shopping Plaintiff is against public policy and could have a devastating and widespread effect on Colorado law. Based on the foregoing, South Dakota law should not be applied.

WHEREFORE, Defendant American Auto Shield, LLC respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint against American Auto Shield, LLC, and any such other or further relief as this Court deems just and proper.

Dated:  August 22, 2022                    Respectfully Submitted,


                                        By:  s/*Jeffrey H. Kass*
                                              Jeffrey H. Kass
                                              LEWIS BRISBOIS BISGAARD & SMITH LLP
                                              1700 Lincoln Street, Suite 4000
                                              Denver, Colorado 80203
                                              Jeffrey.Kass@lewisbrisbois.com
                                              Tel.:   303.861.7760
                                              Fax:   303.861.7767

                                              *Attorneys for Defendant*
                                              *American Auto Shield, LLC*

## CERTIFICATE OF SERVICE

      I certify that on August 22, 2022, I presented the foregoing DEFENDANT AMERICAN AUTO SHIELD, LLC'S REPLY IN SUPPORT OF ITS [28] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) to the Clerk of the Court for filing and uploading to the CM/ECF system, which action caused automatic electronic notification of the filing to be served upon the following:

Charles Gibson
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-4558
gibson@wtotrial.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

Craig Ruvel May
Wheeler Trigg O'Donnell LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-1800
Fax:    303-244-1879
may@wtotrial.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

Derek Alan Newman
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Tel.:   206-274-2800
ecf@newmanlaw.com

*Attorneys for Defendant*
*Flex Marketing Group, LLC*

      I further certify that on August 22, 2022, the foregoing DEFENDANT AMERICAN AUTO SHIELD, LLC'S REPLY IN SUPPORT OF ITS [28] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) was served electronically (via email) upon the following:

Joshua Lapin
401 East 8th Street, Suite 214
PMB 7452
Sioux Falls, SD 57103
Tel.:   714-654-8886
Fax:    307-655-1269
thehebrewhammerjosh@gmail.com

*Pro Se Plaintiff*

                                        s/*Jeffrey H. Kass*
                                        of LEWIS BRISBOIS BISGAARD & SMITH LLP