IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01543-CMA-SKC

JOSHUA LAPIN,

        Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC,
NRRM, LLC d/b/a CARSHIELD,
FLEX MARKETING GROUP, LLC,
JOHN DOE SENDER,

        Defendants.

**DEFENDANT NRRM, LLC d/b/a CARSHIELD'S REPLY IN SUPPORT OF ITS [31] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant NRRM, LLC d/b/a CarShield submits its Reply in support of its [31] Motion to Dismiss pursuant to Rule 12(b)(6) as follows:

### I. INTRODUCTION

Plaintiff essentially contends many of the same things he did in opposition to American Auto Shield's (AAS) motion so there is no need to repeat the responses to those arguments again. This Defendant Carshield simply incorporates AAS' reply as well as arguments made by Flex.

Plaintiff also makes two interrelated arguments about South Dakota having the most significant contacts to this dispute and Plaintiff's residency there permitting to avail himself of South Dakota's draconian email law.

Plaintiff's contention that his South Dakota P.O. Box and government forms-based residency show how big the contacts are with South Dakota actually prove how tenuous

Plaintiff's contacts with South Dakota are, whereas Carshield's advertisements are advertising a Colorado-based company's. AAS', vehicle service contracts.

Plaintiff further contends that Carshield's citation to Colorado's anti-spam law proves why South Dakota law applies. But Plaintiff misunderstands the point of calling out Colorado law. Forty eight states have chosen to deal with email spam in a way that would never give rise to mass lawsuits over unwanted emails. Imagine that scenario. Imagine litigation over every unsolicited email sent. Citation to Colorado law was simply to highlight Colorado's public policy on this issue, which rejects floodgate litigation on spam emails and is wildly different than South Dakota's unique strict liability email law.

Moreover, Colorado law can apply not just to citizens but to anyone who receives an email while their computer or phone is in Colorado so Plaintiff's contention that Colorado law could not apply to Plaintiff, who has a LinkedIn page proclaiming to live in Colorado, is false.

## II.     ARGUMENT

### A.     South Dakota barely has any contact to this dispute

Plaintiff contends that South Dakota has the most contacts to this dispute. But those contacts are nothing more than a P.O. Box and some forms. In contrast, the VSCs being advertised in the emails are those of Defendant AAS, which is a Colorado-based company, located in Lakewood. The contacts with South Dakota are minimal and self-created by Plaintiff, ostensibly to he could sue under this law, which has done before.

Even though Plaintiff believes Colorado law can only apply to Colorado residents, Colorado's Spam Reduction Act explicitly states that "[t]his section shall apply when a commercial electronic mail message is sent to a computer located in Colorado". C.R.S. § 6-1-702.5(4)(h). Given

that Plaintiff has admitted in his complaint and briefing that he isn't in South Dakota, the law certainly could apply to Plaintiff.

### B. Colorado public policy rejects application of South Dakota's email law in Colorado courts

Colorado's Spam Reduction Act speaks to how Colorado's public policy confronted email spam and rejects South Dakota's approach. Colorado rejects not only open the floodgates of civil litigation to anyone who receives spam email in Colorado, but it also rejects the flimsy residency requirements of South Dakota so people like Plaintiff can fill out some forms, get a P.O. Box, and then sue away. A Colorado resident is a person who has made a home in Colorado or a person whose intention is to be a Colorado resident (*See* https:/tax.colorado.gov/new-colorado-resident). Colorado should, therefore, not enforce a South Dakota law based on a residency requirements that run afoul of Colorado public policy.

Plaintiff's contention that is always premature to address choice of law questions at the motion to dismiss stage is incorrect. Numerous courts indeed undertaken this analysis when the facts to make that determination are not disputed, such as here. *See e.g., Travelers Prop. Cas. Co. of Am. v. Liebert Corp.*, 2:18- CV-367, 2018 WL 4604292, at *6 (S.D. Ohio Sept. 25, 2018); *Cooper v. Tokyo Electric Power Co. Holdings, Inc.*, 960 F.3d 549, 558–59 (9th Cir. 2020) (finding that district court properly considered choice of law issue where it "had all the argument and facts necessary to make its decision"); *Lee v. Cont'l Cas. Co.*, 2005 U.S. Dist. LEXIS 62996, *4, *7 (N.M. 2005), ("A motion seeking dismissal of an entire complaint on choice of law principles is construed as a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. In addressing such a motion, the court may consider matters outside the pleadings without converting the motion to one for summary judgment under Rule

56.") (internal citations omitted); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992) (observing that such motions are "frequently analyzed as [motions] to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)").

WHEREFORE, Defendant NRRM, LLC, d/b/a CarShield respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint against NRRM, LLC, d/b/a CarShield, and any such other or further relief as this Court deems just and proper.

Dated:  August 24, 2022          Respectfully Submitted,


By:  s/*Jeffrey H. Kass*
       Jeffrey H. Kass
       LEWIS BRISBOIS BISGAARD & SMITH LLP
       1700 Lincoln Street, Suite 4000
       Denver, Colorado 80203
       Jeffrey.Kass@lewisbrisbois.com
       Tel.:    303.861.7760
       Fax:    303.861.7767

       *Attorneys for Defendant*
       *American Auto Shield, LLC*

# CERTIFICATE OF SERVICE

      I certify that on August 24, 2022, I presented the foregoing DEFENDANT NRRM, LLC d/b/a CARSHIELD'S REPLY IN SUPPORT OF ITS [28] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) to the Clerk of the Court for filing and uploading to the CM/ECF system, which action caused automatic electronic notification of the filing to be served upon the following:

Charles Gibson
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-4558
gibson@wtotrial.com

*Attorneys for Defendant
Flex Marketing Group, LLC*

Derek Alan Newman
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Tel.:   206-274-2800
ecf@newmanlaw.com

*Attorneys for Defendant
Flex Marketing Group, LLC*

Craig Ruvel May
Wheeler Trigg O'Donnell LLP-Denver
370 17th Street, Suite 4500
Denver, CO 80202-5647
Tel.:   303-244-1800
Fax:   303-244-1879
may@wtotrial.com

*Attorneys for Defendant
Flex Marketing Group, LLC*

      I further certify that on August 24, 2022, the foregoing NRRM, LLC d/b/a CARSHIELD'S REPLY IN SUPPORT OF ITS [28] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) was served electronically (via email) upon the following:

Joshua Lapin
401 East 8th Street, Suite 214
PMB 7452
Sioux Falls, SD 57103
Tel.:   714-654-8886
Fax:   307-655-1269
thehebrewhammerjosh@gmail.com

*Pro Se Plaintiff*

                                                       s/*Jeffrey H. Kass*
                                          of LEWIS BRISBOIS BISGAARD & SMITH LLP