# Exhibit 1

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua A. Lapin,<br><br>Plaintiff,<br><br>v.<br><br>NortonLifelock Incorporated, et al.,<br><br>Defendants. | No. CV-22-00759-PHX-MTL<br><br>**ORDER** |

Pending before the Court are Plaintiff Joshua A. Lapin's *pro se* Motion for Default Judgment, or in the Alternative for Rule 37(e) Sanctions (Doc. 17) and Defendant Flex Marketing Group, LLC's ("Flex Marketing") Motion to Dismiss (Doc. 24). Plaintiff's Motion (Doc. 17) is denied; Defendant Flex Marketing's Motion (Doc. 24) is granted.

**I.     BACKGROUND**

Plaintiff, a South Dakota resident, filed this action against Defendant Flex Marketing, a New York limited liability company, and Defendant NortonLifeLock Inc. ("Norton"), an Arizona corporation, for alleged violations of South Dakota's anti-spam email law.

Plaintiff claims that he received at least 87 spam emails highlighting Norton's products and services, 68 of which were "initiated" by Flex Marketing. (Doc. 1, ¶¶ 1, 3, 5, 6, 43.) According to Plaintiff, Flex Marketing sent the spam emails using third party email marketing platforms without permission and in violation of the platforms' terms of service. (*Id.*, ¶¶ 16, 17.) Plaintiff also asserts that he is a full-time traveler without a permanent

1  residence in the United States and was "physically present outside of the State of South
2  Dakota at most times material" to this lawsuit. (*Id.*, ¶¶ 2, 45, 48.)

3  **II.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

4  Plaintiff asks the Court to grant default judgment, or in the alternative, lesser Rule
5  37(e) sanctions against Flex Marketing for its alleged spoliation of electronically stored
6  information (ESI). (Doc. 17 at 5.) Plaintiff also requests leave to conduct expedited
7  discovery related to the allegedly spoliated ESI. (*Id.* at 6.) As Plaintiff admits, his Motion
8  fails to comply with LRCiv 7.2(j) of the Rules of Practice of the United States District
9  Court for the District of Arizona:

> No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

(*See* Doc. 20 at 4.) Plaintiff did not provide the required certification or attempt to meet and confer with Defendant Flex Marketing prior to the filing of his motion, as required by LRCiv 7.2(j). (Doc. 18 at 6.) Plaintiff's Reply attempts to remedy his failure by pointing to his litigation preservation notice as evidence that he "communicate[d] the need for this information" and attaching a "Declaration of Sincere Efforts to Satisfactorily Resolve the Matter Prior To Filing This Motion." (Doc. 20 at 5.) No such declaration is attached to Plaintiff's Reply and nowhere does Plaintiff contend that he attempted to meet and confer with Defendant Flex Marketing prior to the filing of his Motion. *See Hunter v. Moran*, 128 F.R.D. 115, 116 (D. Nev. 1989) (noting that "personal consultation and sincere efforts" pursuant to LRCiv 7.2(j) requires in-person or telephonic consultation).

"The requirement to confer contained in LRCiv 7.2(j) is designed to avoid unnecessary litigation of discovery issues that the parties should be able to resolve themselves." *Bustamante v. Graco, Inc.*, No. CV 03–182 TUC JMR, 2005 WL 5976149, at *1 (D. Ariz. Dec. 1, 2005). "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better

- 2 -

1  utilize elsewhere." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996). Thus, the Court denies Plaintiff's Motion for failure to comply with LRCiv 7.2(j).

### III.   DEFENDANT FLEX MARKETING'S MOTION TO DISMISS

Defendant Flex Marketing moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6). (Doc. 24 at 3.) For the following reasons, the Court finds that Defendant Flex Marketing must be dismissed from this suit for lack of personal jurisdiction.

#### A.   Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move, "prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that an exercise of jurisdiction is proper. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). However, "in the absence of an evidentiary hearing," a plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal citation omitted). When examining whether there is a prima facie showing of jurisdictional facts, any "uncontroverted allegations in [the complaint] must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation marks and citations omitted); *see also Sher*, 911 F.2d at 1361 (treating plaintiff's allegations as true).

Because Arizona's long-arm statute conforms with the requirements of federal due process, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *See* Ariz. R. Civ. P. 4.2(a); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). To comport with federal due process, the non-resident defendant must have certain "minimum contacts" with the forum state such that an exercise

of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific. Plaintiff does not appear to assert that the Court has general jurisdiction over Flex Marketing, so the Court only briefly addresses it below.

### 1. General Jurisdiction

A court may exercise general jurisdiction "when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, --- U.S. ---, 141 S. Ct. 1017, 1024 (2021) (citation omitted). General jurisdiction extends to "any and all claims" brought against a defendant. *Id.* "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotations omitted). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (quoting *Daimler*, 571 U.S. at 139 n.19). The parties agree that Flex Marketing is a New York LLC "domiciled and located in New York." (Doc. 24 at 4–5 (citing Doc. 1, ¶¶ 39, 45, 46, 48).)

Defendant asserts that it has no contacts with Arizona. (Doc. 24 at 5.) Flex Marketing's founder and CEO, Michael Held, avers that the company was formed and is domiciled in New York and argues that its national email campaigns do not target Arizona residents or businesses, so this Court does not have general jurisdiction. (Doc. 24 at 5 (citing Doc. 24-1, ¶ 4–7).) Plaintiff's only allegations to support general jurisdiction over Flex Marketing are that it has one unspecified contract with Defendant Norton and used an Arizona-based third-party marketing platform to send at least 15 emails to Plaintiff and potentially other persons, the latter of which is not in the Complaint. (Doc 1, ¶ 45; Doc. 27 at 2, 5.) The Court agrees with Defendant and finds that Plaintiff does not provide sufficient evidence of contacts "so continuous and systematic as to render [Flex Marketing] essentially at home" in Arizona. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Without more, operating websites and email addresses that have national reach from New York and having one or two discrete business relationships

with Arizona-based companies is not enough to subject Flex Marketing to general jurisdiction in Arizona where it is not domiciled. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("[T]he Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.")

### 2. Specific Jurisdiction

Plaintiff does not address the relevant test for specific jurisdiction, but the Court considers the parties' arguments below based on the events alleged in the Complaint. (*See* Doc. 27 at 2–5.)

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford*, --- U.S. ---, 141 S. Ct. at 1024 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The act must show "that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 1025 (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). These requirements seek to "ensure that States with little legitimate interest in a suit do not encroach on States more affected by the controversy." *Id.*

The Ninth Circuit employs a three-prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted). The burden initially falls on the plaintiff to show the first two prongs but then shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### a. Purposeful Direction

In cases involving tortious conduct, the first required element, "purposeful direction," is measured using the "effects" test set forth by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). The effects test requires the defendant to "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks and citations omitted). Because this case asserts a tortious claim of unsolicited spam emails, the Court addresses the *Calder* effects test requirements in turn.

#### i. Intentional Act

The intentional act requirement connotes an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Taking Plaintiffs' allegations as true, Flex Marketing sent 68 unsolicited spam emails to Plaintiff without Plaintiff's prior consent and in violation of applicable law. (Doc. 1, ¶¶ 1, 5, 43.) Accordingly, *Calder*'s first part is satisfied.

#### ii. Express Aiming

An "express aiming" analysis centers on whether "the defendant's allegedly tortious action was expressly aimed at the forum state." *Picot*, 780 F.3d at 1214 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010)) (internal quotation marks omitted). The precise form of analysis depends largely on the "specific type of tort or other wrongful conduct at issue." *Schwarzenegger*, 374 F.3d at 807. The Complaint asserts that Flex Marketing initiated 68 spam emails to be sent to Plaintiff's South Dakota email address that were received while Plaintiff was traveling around the

world. (Doc. 1, ¶¶ 1, 2, 5, 43, 45, 48.)

As noted, "[i]n opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc.*, 647 F.3d at 1223. The only allegations in the Complaint to support this Court's personal jurisdiction over Flex Marketing are those about the existence of a contract between Flex Marketing and Arizona-based Norton that led to the emails underlying this dispute. (Doc. 1, ¶ 45.) Upon a Rule 12(b)(2) motion, however, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc.*, 557 F.2d at 1284. Flex Marketing has submitted two declarations from its founder and CEO, who avers that there is no contract between Flex Marketing and Norton regarding the emails at issue. (Doc. 24-1 ¶ 8.) Instead, Flex Marketing's CEO explains that it had contracts with third parties in California that led to the emails. (*Id.*, ¶¶ 10–12.) Flex Marketing's CEO admits, however, that it subsequently entered contracts with Norton that post-date the emails, but not the filing of the Complaint. Although jurisdiction is determined at the time the lawsuit is filed, the *Calder* test requires that a defendant's tortious conduct giving rise to the lawsuit be "expressly aimed" at Arizona. *Picot*, 780 F.3d at 1214. Plaintiff does not dispute that the contract between Flex Marketing and Norton is unrelated to the present action, so the Court does not find it sufficient to meet the express aiming test under *Calder*.

In response, Plaintiff submitted his own declaration asserting that jurisdiction is proper because of Flex Marketing's alleged reliance on email marketing platform Infusion Software Inc. d/b/a Keap ("Keap") to distribute 15 of the spam emails. (Doc. 27 at 2; Doc. 27-1, ¶ 28.) Plaintiff asserts that Keap is a Chandler, Arizona based company and that Flex Marketing, as a Keap user, agreed to Keap's terms of service and acceptable use policy, including prohibitions on sending spam email in violation of applicable laws and a forum selection clause. (Doc. 27-1, ¶¶ 28, 40.) Keap's terms of service including the following language upon which Plaintiff relies:

These Terms shall be governed exclusively by the laws of the

> State of Arizona, USA, excluding its conflict of laws rules and, where applicable, will be governed by the federal laws of the United States. We and You agree to the exclusive jurisdiction and venue of the state or federal courts in Maricopa County, AZ USA or any and all disputes, controversies and claims arising out of or relating to these Terms or concerning the respective rights or obligations of the parties.

(Doc. 27-4 at 38.) The Court notes, however, that any forum selection clause contained in Keap's terms of service has questionable relevance to Plaintiff's claims against Flex Marketing in this lawsuit. Plaintiff does not assert that he is a party to Flex Marketing's agreement to be bound by Keap's terms of service and his Complaint does not attempt to assert any of these terms against Flex Marketing as a basis for this suit. Instead, Plaintiff incorrectly contends that because his dispute "arises out of and relates to" Flex Marketing's breach of Keap's terms of service, the forum selection clause in that agreement is applicable here. (Doc. 27 at 2.) Plaintiff does not sue under that agreement or explain how he would have standing to do so. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206 (9th Cir. 2000). The Court finds that whether Flex Marketing consented to this Court's jurisdiction for unrelated disputes is irrelevant to whether it consents to jurisdiction over this dispute and Plaintiff fails to cite any authority to support a contrary conclusion.

As Plaintiff notes, "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor." *AT&T Co.*, 94 F.3d at 588. The Court finds, however, that Plaintiffs' affidavit and response brief do not dispute that Flex Marketing is a New York-based company or that its alleged conduct in sending the spam emails were not sent to Plaintiff in Arizona. Instead, Plaintiff's affidavit appears to explain that Flex Marketing used third party email marketing platforms to route emails from itself to Plaintiff, including Arizona-based Keap. (Doc. 27-1, ¶¶ 28, 40.) Plaintiff's affidavit, however, is not inconsistent with Flex Marketing's affidavit and does not establish that it intentionally aimed its tortious conduct at Arizona by sending an email through a web service that reached Plaintiff elsewhere. Even resolving all conflicts in Plaintiffs' favor,

1 Plaintiffs' bare allegations are not sufficient to make a showing of personal jurisdiction over Flex Marketing. And to the extent that Plaintiff asks this Court to exercise "personal pendant jurisdiction" over Flex Marketing because it has jurisdiction over Defendant Norton, the Court cannot use its discretion to exercise personal jurisdiction over a Defendant where there are no facts to support it. (Doc. 27 at 3); *See Sher*, 911 F.2d at 1365 ("Regardless of their [alleged] joint liability, jurisdiction over each defendant must be established individually.").

For these reasons, the Court finds that Plaintiffs have not established personal jurisdiction over Flex Marketing. It will grant Flex Marketing's Rule 12(b)(2) motion.

### B. Failure to State a Claim

Because the Court finds that Flex Marketing is not subject to personal jurisdiction in this District, the Court need not address Flex Marketing's alternative argument pursuant to Rule 12(b)(6) and denies those arguments as moot.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment Against Flex Marketing Group LLC, or in The Alternative For Rule 37(e) Sanctions, and For Leave to Conduct Expedited Discovery Related to The ESI (Doc. 17) is **DENIED**;

2. Defendant Flex Marketing's Motion to Dismiss (Doc. 24) is **GRANTED** for lack of personal jurisdiction over Defendant Flex Marketing. The Clerk of Court is ordered to dismiss Defendant Flex Marketing Group, LLC from this action; and

3. Defendant Norton's Motion to Dismiss for Failure to State a Claim (Doc. 21) and Motion for Judicial Notice (Doc. 22) remain pending.

Dated this 14th day of October, 2022.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge